645 P.2d 888

**PAYETTE FARMS CO., an Idaho corporation, Plaintiff-Respondent,**

v.

**Louis A. CONTER and Valerie J. Conter, husband and wife; Kirschner, Inc., an Idaho corporation; George J. Kirschner: Doe I; Doe II; Doe III; and Doe IV, Defendants,**

**and**

**Kirschner, Inc., an Idaho corporation, George J. Kirschner, Defendants-Appellants.**

No. 13586.

Supreme Court of Idaho.

May 21, 1982.

Stanley W. Welsh of Clemons, Cosho & Humphrey, Boise, Scott W. Wyatt, Kirkland, Wash., for defendants-appellants.

Thomas A. Miller of Hawley, Troxell, Ennis & Hawley, Boise, for plaintiff-respondent.

BAKES, Chief Justice.

The defendants appeal the district court's denial of defendants' motion to amend its pleadings by adding a counterclaim seeking equitable relief from forfeiture of an installment land contract. The district court concluded that litigation of the counterclaim was precluded on the basis of *res judicata*. We affirm.

On March 29, 1978, Payette Farms Co. entered into an installment land contract for the sale of property known as Payette Farms to Louis A. Conter and his wife, Valerie J. Conter. Subsequently, following negotiations between the Conters and George Kirschner, an agreement was reached for the resale of Payette Farms by Conters to Kirschner, Inc., also on an installment basis. Both the Payette Farms Co./Conter agreement and the Conter/Kirschner, Inc., agreement contained forfeiture provisions in the event of default.

Kirschner, Inc., took possession of the farm and allegedly expended substantial sums of money in operating and improving the property. Neither Kirschner, Inc., nor the Conters were able to make the down payments called for in their respective agreements. On May 31, 1978, Conters served notice of default on Kirschner, Inc., and on June 30, 1978, notice of termination of contract was served on Kirschner, Inc. Payette Farms Co. served Conters with its notice of default on July 23, 1978, and notice of termination and forfeiture on August 23, 1978.

On July 11, 1978, Conters filed suit against Kirschner, Inc., and George Kirschner in state court, seeking to affirm the termination of Kirschner, Inc.'s, interest in Payette Farms. That case was later removed to federal district court. Payette Farms Co. was not a party to that litigation. On December 27, 1978, the federal district court entered summary judgment in favor of the Conters. In its judgment, the federal district court concluded that by virtue of the default, "defendant Kirschner, Inc., lost any and all claim, right, title and interest, *legal or equitable* in the land, fixtures, improvements, personal property, easements, and power contracts comprising or appurtenant to Payette Farms." (Emphasis added.)

Prior to the above judgment in the federal district court, Payette Farms Co. initiated the present action against Conters, Kirschner, Inc., and George J. Kirschner, seeking to quiet title to Payette Farms. The complaint was answered by those three defendants in November, 1978. Thereafter, Payette Farms Co. and the Conters entered into a settlement agreement, and the Conters stipulated to entry of judgment in favor of Payette Farms Co. On October 2, 1979, Payette Farms filed a motion for summary judgment against Kirschner, Inc. On the same date, Kirschner, Inc., served upon Payette Farms Co. its motion to file a counterclaim seeking "a vendee's lien or other equitable remedy" in recognition of sums paid for the operation and improvement of Payette Farms.[1] Hearing on the motions was held, and the district court denied the motion of Kirschner, Inc., to file a counterclaim, and granted Payette Farms Co.'s motion for summary judgment. The district court stated that due to the federal district court's judgment in the matter it was precluded by the doctrine of *res judicata* from relitigating the issue of whether Kirschner, Inc., had "lost any and all claim, right, title and interest, legal or equitable, to Payette Farms." Kirschner, Inc., and George Kirschner now appeal that decision, arguing that the question of equitable relief was never litigated before the federal district court, and therefore the trial court abused its discretion when it denied appellant's motion to file its belated counterclaim.

■ It should first be noted that any interest that George Kirschner has in the outcome of this litigation is directly dependent upon Kirschner, Inc.'s, interest in Payette Farms. Therefore, we focus upon the claims of Kirschner, Inc. Kirschner, Inc., argues that it filed a counterclaim for equitable relief in the federal action and that a memorandum decision by the district court, which preceded the final judgment, in effect reserved the equitable claim for trial at a later date. Thus, it is argued that the

federal district court's final judgment did not dispose of Kirschner, Inc.'s, claims for equitable relief. The record before us, however, contains neither the counterclaim asserted by Kirschner, Inc., in the federal proceeding, nor the alleged memorandum decision which preceded the final judgment in the federal action. On appeal, the defendant has the burden of showing that the court below committed error. Error will not be presumed from a silent record. *Rutter v. McLaughlin*, 101 Idaho 292, 612 P.2d 135 (1980); *Baldwin v. Anderson*, 52 Idaho 243, 13 P.2d 650 (1932). Furthermore, a final judgment controls over any conflict with a trial court's earlier memorandum decision, *Uhrig v. Coffin*, 72 Idaho 271, 240 P.2d 480 (1952); *Terry v. Terry*, 70 Idaho 161, 213 P.2d 906 (1950); *Clark v. Clark*, 58 Idaho 37, 69 P.2d 980 (1939).

■ The federal district court judgment clearly establishes that Kirschner, Inc., forfeited to the Conters any and all rights, legal or equitable, that Kirschner, Inc., had in Payette Farms. It is undisputed, nor is it disputable, that Payette Farms Co. is in privity with the Conters in considering the *res judicata* effect of the federal district court judgment. We therefore conclude that the district court did not abuse its discretion when it denied appellant's belated motion to amend its pleadings to assert equitable claims against the land. The district court order denying the appellant's motion to add the counterclaim is therefore affirmed.

Respondent's motion for attorney fees is granted. I.C. § 12–121; *Minich v. Gem State Developers*, 99 Idaho 911, 591 P.2d 1078 (1979). Costs to respondent.

McFADDEN, BISTLINE, DONALDSON and SHEPARD, JJ., concur.

---

1. Appellants recognize in their brief that since their motion to file a counterclaim was filed subsequent to the filing of their answer, the granting of that motion was given to the sound discretion of the trial court. I.R.C.P. 15(a); *Jones v. Watson*, 98 Idaho 606, 570 P.2d 284 (1977).