895 P.2d 1207

**Elmer FELD and Bernetta Feld, husband and wife; and Todd Feld, a married man, dealing with his separate property, Plaintiffs–Appellants,**

v.

**IDAHO CROP IMPROVEMENT ASSOCIATION, an Idaho corporation; Defendant–Respondent,**

and

**The State of Idaho, acting by and through the Idaho Department of Agriculture, Federal–State Inspection Service, Willard Bell and Robert C. Weaver, as individuals and d/b/a Crater Farms, Inc., an Idaho corporation, Defendants.**

Nos. 20148, 20272.

Supreme Court of Idaho, Boise, December 1994 Term.

March 22, 1995.

Rehearing Denied June 22, 1995.

F. Randall Kline, Pocatello, for appellants.

Elam & Burke, P.A., Boise, for respondent Idaho Crop Improvement Ass'n. Bobbi K. Dominick argued.

TROUT, Justice.

This is an action involving the sale of certified seed potatoes which was initiated by the appellants, Elmer and Bernetta Feld.

## I.

### BACKGROUND

The facts of this case are nearly identical to those in *Duffin v. Idaho Crop Improvement Ass'n*, 126 Idaho 1002, 895 P.2d 1195 (1995). Therefore, we will not recount them in detail. For a more complete discussion of the background of this appeal, reference should be made to our opinion in *Duffin*, which is issued as a companion to this opinion.

The Felds operate a farm near Aberdeen, Idaho. They, like the Duffins, agreed to purchase certified seed potatoes from Crater Farms, Inc. (CFI) for the 1988 crop year. As was the case with the Duffins, potatoes grown by the Felds from CFI seed were tested and found to be infected with bacterial ring rot (BRR). The Felds claim the seed was infected when they received it, and as a result, they suffered substantial losses. They initially sought to recover damages from CFI for breach of express and implied warranties arising from the contract for the sale of certified seed, and from the Idaho Crop Improvement Association (ICIA) and the State of Idaho, Department of Agriculture, Federal–State Inspection Service (FSIS) for negligence and negligent misrepresentation in the inspection and certification of the seed. The Felds' claims against CFI have been settled, and no issues relating to those claims are before us.

## II.

### PROCEDURAL HISTORY

FSIS moved for summary judgment on the ground that the Felds' tort claims notice was untimely under the Idaho Tort Claims Act (I.C. §§ 6–901 to –929). The district court determined that the notice was untimely as a matter of law. The Felds did not appeal from this ruling, and thus, we are not presented with any issues relating to the claims asserted against FSIS.

ICIA sought summary judgment on the grounds that the Felds' claims were barred because their losses were purely economic and that it was an "instrumentality" of the state, protected by the Idaho Tort Claims Act. The district court concluded that ICIA was an "instrumentality" within the meaning of I.C. § 6–902(1). Therefore, the Felds' claims against it were also barred by their failure to comply with the notice requirements of I.C. § 6–905.

Finally, the Felds sought leave to amend their complaint to add claims for fraud and punitive damages against ICIA. In ruling on this motion, the district court considered not only whether the allegations advanced sup-

ported the claims in the amended complaint, but also whether the claims were supported by the facts in the record. It denied the motion because the facts failed to demonstrate the existence of a claim for fraud, and because there was no evidence of the requisite state of mind to support a claim for punitive damages.

The trial court certified its orders granting summary judgment and denying the motion to amend the pleadings pursuant to I.R.C.P. 54(b).

## III.

### WHETHER THE DISTRICT COURT ERRED IN CONCLUDING THAT ICIA IS AN "INSTRUMENTALITY" OF THE STATE PROTECTED BY THE IDAHO TORT CLAIMS ACT

[1] Since the district court determined that the Felds did not timely file a tort claims notice and the Felds did not appeal this ruling, their claims against ICIA only remain viable if we determine that ICIA is not entitled to the protections of the Idaho Tort Claims Act.

Under the Idaho Tort Claims Act, unless otherwise provided, every "governmental entity" is liable for damages arising out of its negligent or wrongful acts. I.C. § 6–903(a). "Governmental entity" is defined to include the "state," which is in turn defined as "the state of Idaho or any office, department, agency, . . . or other instrumentality thereof." I.C. § 6–902(1) and (3). The district court concluded that ICIA is an "instrumentality" of the state, covered by the Idaho Tort Claims Act. However, as we held in *Duffin*, ICIA is an independent, non-profit organization which simply contracts with a government agency in order to provide services. 126 Idaho at 1009, 895 P.2d at 1202. Thus, the district court erred in concluding that ICIA was an instrumentality of the state within the meaning of I.C. § 6–904(3), and its order granting summary judgment on this issue is reversed.

## IV.

### THE ECONOMIC LOSS ISSUE

 The next issue is whether the so-called "economic loss rule" precludes recov-

ery by the Felds on their negligence claim. As we stated in *Duffin*, this Court has adhered to a general rule prohibiting the recovery of purely economic losses in all negligence actions. 126 Idaho at 1006, 895 P.2d at 1199–1200. However, an exception to this rule is applicable in cases involving a "special relationship" between the parties. *Id.* For the reasons set forth in *Duffin*, ICIA occupies a special relationship with the Felds. *See Id.* at 1008–1009, 895 P.2d at 1201–1202. Therefore, the order of the district court granting ICIA's motion for summary judgment on this issue is reversed, and the cause remanded for further proceedings on the issue of negligence.

## V.

### WHETHER THE FELDS CAN RECOVER FROM ICIA FOR NEGLIGENT MISREPRESENTATION

 In addition to their negligence claim, the Felds have sought to recover from ICIA by way of a claim for negligent misrepresentation. However, "except in the narrow confines of a professional relationship involving an accountant, the tort of negligent misrepresentation is not recognized in Idaho." *Duffin*, 126 Idaho at 1010, 895 P.2d at 1203. *See also Intermountain Constr., Inc. v. City of Ammon*, 122 Idaho 931, 841 P.2d 1082 (1992); *Hudson v. Cobbs*, 118 Idaho 474, 797 P.2d 1322 (1990). Accordingly, the Felds may not maintain a cause of action for negligent misrepresentation against ICIA and the order of the district court dismissing that claim is affirmed.

## VI.

### WHETHER THE DISTRICT COURT ERRED IN DENYING THE FELDS' MOTION FOR LEAVE TO AMEND THEIR PLEADINGS

The Felds sought leave to amend their pleadings to add claims for fraud and punitive damages against ICIA. The district court denied this motion, and the Felds now complain that the lower court erred.

As the appellants in this case, the Felds had the burden to provide an adequate record on appeal. *Schneider v. Curry,* 106 Idaho 264, 267, 678 P.2d 56, 59 (Ct.App.1984). Questions or matters not presented in the record will not be considered by this Court on appeal. *E.g., Hale v. Heninger,* 87 Idaho 414, 425, 393 P.2d 718, 724 (1964). Because the Felds failed to include the proposed amended complaint in the record before this Court, we are unable to consider whether sufficient allegations were advanced to support the claims for fraud and punitive damages. Accordingly, the order of the district court denying the Feld's motion for leave to amend their complaint is affirmed.

## VII.

## CONCLUSION

Affirmed in part, reversed in part, and remanded for further proceedings. No attorney fees on appeal. Costs to appellants.

McDEVITT, C.J., JOHNSON and SILAK, JJ., and SCHILLING, J., Pro Tem., concur.