894 P.2d 156

126 Idaho 923

**McKAY CONSTRUCTION CO., an Idaho partnership, Plaintiff–Appellant,**

v.

**ADA COUNTY, Defendant–Respondent.**

No. 20909.

Court of Appeals of Idaho.

March 28, 1995.

Petition for Review Denied May 23, 1995.

Vernon K. Smith, Boise, argued for appellant.

Greg Bower, Ada County Pros. Atty., Ted E. Argyle, Deputy Pros. Atty., Boise, for respondent. Ted E. Argyle argued.

PER CURIAM.

This is an appeal from a judgment entered by the district court against McKay Construction Company in an action on a landfill contract entered into with Ada County. For the reasons stated herein, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

In 1972, McKay was awarded a contract by Ada County to open and operate a landfill. The contract provided a fixed fee to McKay for operation of the landfill and also provided that if the average daily tonnage of refuse handled at the landfill exceeded 360 tons per day, the contract fee could be renegotiated. After operating for some time, McKay claimed that the waste deposited at the site exceeded 360 tons per day thus requiring renegotiation of the contract amount. The parties renegotiated but were unable to reach an agreement. McKay then brought an action against Ada County, seeking monetary damages and equitable relief.

The initial trial in the action was conducted as a bifurcated proceeding, addressing first the issue of liability and reserving the question of damages to be determined later. At the conclusion of that trial, the district court, on June 8, 1973, found that although the amount of refuse exceeded 360 tons per day, McKay had failed to meet its burden of proving the extent of the excess. The court also held that the paragraph of the contract allowing for renegotiation was unenforceable because it was too vague. On appeal from that proceeding, the Idaho Supreme Court reversed, holding that the County's liability could be determined on the theory of implied contract. *See McKay Const. Co. v. Ada County Bd. of County Com'rs,* 96 Idaho 881, 538 P.2d 1185 (1975). The Court remanded the case to the district court for a determination of the amount of waste being deposited in excess of 360 tons per day.

In January 1993, following a retrial, the district court found that McKay had failed to establish that it handled more than 360 tons per day. McKay again appeals, arguing that the district court's decision was not supported by substantial and competent evidence. McKay further argues that the district court erred in failing to allow proof of an unsuccessful settlement agreement between the parties and in denying prejudgment interest.

## DISCUSSION

██ McKay asserts that the district court's finding of McKay's failure to prove it handled in excess of 360 tons of refuse per day was clearly erroneous. Findings cannot be deemed clearly erroneous if they are supported by substantial, even though conflicting, evidence. *Blaser v. Cameron*, 121 Idaho 1012, 1015, 829 P.2d 1361, 1364 (Ct.App. 1991); *Ortiz v. Dept. of Health & Welfare*, 113 Idaho 682, 683–84, 747 P.2d 91, 92–93 (Ct.App.1987). The argument advanced by McKay amounts to little more than a request that this Court weigh the evidence already thoroughly considered by the district court, and interpret that evidence in a manner favoring McKay's position. However, in reviewing a lower court's findings of fact, our role is not to supplant the lower court's interpretation of the evidence with our own, but to determine whether substantial and competent evidence supports the court's determinations. In the instant case, the district court's findings are plainly supported by abundant evidence. In its findings and conclusions, the district court made credibility determinations and took pains to explain why it found the County's evidence to be more reliable than that presented by McKay. Because the district court's decision is supported by substantial evidence, it will not be disturbed on appeal.

██ McKay also argues that the district court improperly precluded evidence of Ada County's alleged settlement offer of $462,500. We note that nothing in the record supports McKay's assertion that Ada County made a settlement offer of $462,500. Further, McKay cites neither the record nor the transcript for its assertion that such evidence was proffered and that the district court deemed it inadmissible. When questioned during oral argument, counsel for Mckay stated that the proffer and ruling were made in chambers, not on the record. It is axiomatic that an appellant bears the burden of establishing a record, and presenting it on appeal, to substantiate his or her claims or contentions

before the appellate court. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct.App.1985). Because McKay has failed to establish and preserve a record of the ruling from which it now seeks relief, we cannot review its assertion of error on appeal. *See* I.R.E. 103.[1]

Finally, McKay contends that the district court erred in granting partial summary judgment in favor of Ada County on McKay's motion for prejudgment interest. *See* I.C. § 28-22-104. As previously stated, we uphold the district court's determination that Ada County incurred no liability for excess tonnage. Consequently, there exists no damage award upon which to base prejudgment interest, and McKay's argument fails.

██ Ada County requests attorney fees and costs on appeal as the prevailing party. Attorney fees are appropriate where this Court is left with the abiding belief that the appeal was brought unreasonably, frivolously or without foundation. *Blaser*, 121 Idaho at 1018, 829 P.2d at 1367. In the instant case, McKay has "invited us to do no more than second-guess the trial court on conflicting evidence," *Id.*, and has made no substantial showing that the district court misapplied the law. Accordingly, we grant Ada County's request for attorney fees as well as its costs.

## CONCLUSION

Substantial evidence supports the district court's determination that McKay did not handle an amount of waste exceeding 360 tons per day. Moreover, McKay has failed to present this Court with a record which would enable us to review its challenge to the district court's evidentiary ruling. Finally, in light of our decision upholding the district court's judgment, McKay's argument that it was entitled to prejudgment interest is without merit.

The district court's judgment is affirmed. Costs and attorney fees on appeal are award-

---

1. In preserving a record in the trial court, we caution counsel not to rely on discussions, arguments or rulings taking place in chambers, hallways or at the side bar. Once back on the record, counsel should remember to place into the record any adverse ruling in order to properly preserve it for appeal.

ed to the respondent, Ada County, to be determined under I.A.R. 40 and 41.