932 P.2d 875

**Fred E. BERGLUND, Claimant–
Appellant,**

v.

**POTLATCH CORPORATION, Employer,
and Workers Compensation Exchange,
Surety, Defendants–Respondents.**

No. 22718.

Supreme Court of Idaho,
Lewiston, October 1996 Term.

Dec. 27, 1996.

William J. Fitzgerald, Lewiston, for claimant–appellant.

Clements, Brown & McNichols, P.A., Lewiston, for defendants–respondents.

SILAK, Justice

This is an appeal from an Industrial Commission (Commission) decision, which was rendered after a hearing and post-hearing brief. After the hearing to determine Fred Berglund's (Berglund) eligibility for benefits, but before the Commission reached a decision, Berglund was convicted under Idaho Code section 41–1325 of providing false information to an insurer. Subsequently, the Commission ruled that Berglund was not a credible witness, had not been involved in a work-related accident and had forfeited his right to compensation. The Commission also required Berglund to repay Potlatch Corporation and Workers Compensation Exchange (the Respondents) for workers' compensation amounts already collected. Berglund appeals that portion of the Commission's decision requiring him to reimburse the Respondents.

## I.

## FACTS AND PROCEDURAL BACKGROUND

In January 1991, Berglund sought medical treatment after dislocating his right thumb while playing basketball. That same month, Berglund was laid off by Potlatch for economic reasons, although that company re-hired Berglund on May 8, 1991. The same day he returned to work, Berglund claimed that he had injured his right thumb on the job. After Berglund denied that he had previous problems with his thumb, Dr. John C. Kovach, (Dr. Kovach) the treating physician, concluded that Berglund had indeed been injured at work.

On May 13, 1991, Berglund filed a Notice of Injury and Claim for Benefits with the Commission, and ultimately received over $23,000 in medical and time-loss benefits. In 1992, Berglund applied for total permanent disability benefits. As part of that process, Berglund served sworn interrogatory answers that his thumb injury was solely work-related. During that same litigation, the Respondents showed Berglund's medical records from his January 1991 injury to Dr. Kovach. The doctor then determined that the alleged work injury for which he treated Berglund in May 1991 was actually the January basketball injury. Dr. Kovach also stated that Berglund had lied about not having any previous thumb injuries. Several other doctors concurred in those conclusions.

In 1993, Respondents sought reimbursement under Idaho Code section 72–801 of the amounts of workers' compensation Berglund had already received. The Nez Perce County Prosecutor subsequently charged Berglund with a violation of I.C. § 41–1325, which prohibits providing false information to an insurer. Before his criminal trial, the Commission held a hearing on the issues of whether Berglund had been injured in a work-related accident in May 1991, whether he had submitted false information in seeking workers' compensation benefits, and whether the Respondents were entitled to reimbursement.

In May 1995, Berglund was convicted of the criminal charge, and was sentenced to two to five years in prison. The judge suspended the sentence and gave Berglund a six month jail sentence and five months probation. Berglund did not appeal his conviction or sentence, and his claim for post-conviction relief was denied.

In October 1995, the Commission sent Berglund a notice that it would treat Respondents' Motion for Judgment and Supporting Memorandum, made after the Commission hearing and the criminal conviction, as a post-hearing brief. The record does not contain any response by Berglund to that notice, although the Commission's decision indicates

that Berglund had protested the procedure by letter. The Commission found that Berglund was not involved in a work-related accident, that his testimony was inconsistent, that he was not a credible witness, that he was convicted of violating I.C. § 41–1325, that he forfeited his right to compensation, and that he must reimburse Respondents under I.C. § 72–801. Berglund's Motion for Reconsideration was denied.

Berglund now appeals that portion of the Commission's decision requiring him to reimburse Respondents for the workers' compensation amounts he had received.

## II.

## ISSUES ON APPEAL

On appeal, the issues are:

1. Whether the Commission can forfeit Berglund's benefits pursuant to I.C. § 72–801 when the criminal conviction was obtained under I.C. § 41–1325.

2. Whether Berglund was denied his right to due process by entry of Findings of Fact, Conclusions of Law, and an Order that Berglund's rights to benefits were forfeited and that the Respondents were entitled to reimbursement of all benefits paid without a further hearing.

3. Whether the imposition of the Order denying Berglund benefits and ordering him to pay reimbursement based upon a criminal conviction constituted a violation of Berglund's rights against double jeopardy.

## III.

## STANDARD OF REVIEW

■ We begin by noting our standard of review of Industrial Commission decisions. This Court exercises free review of the Commission's legal conclusions, but will not disturb findings of fact if they are supported by substantial and competent evidence. *Reiher v. American Fine Foods,* 126 Idaho 58, 60, 878 P.2d 757, 759 (1994). Substantial and competent evidence is relevant evidence that would be accepted by a reasonable mind as adequate to support a conclusion. *Id.* (quoting *Idaho State Ins. Fund v. Hunnicutt,* 110 Idaho 257, 260, 715 P.2d 927, 930 (1985)).

## IV.

## ANALYSIS

■ Two Idaho Code sections are at issue in this case. I.C. § 72–801 is part of Idaho's workers' compensation laws, and states as follows:

If, for the purpose of obtaining any benefit or payment under the provisions of this law, either for himself or for any other person, any one wilfully makes a false statement or representation, he shall be guilty of a misdemeanor and upon conviction for such offense he shall forfeit all right to compensation under this law.

I.C. § 41–1325 was part of Idaho's insurance laws, and the relevant portion, in effect at the time this action arose, provided that:

[a]ny person who, with the intent to defraud or deceive an insurer for the purpose of obtaining any money or benefit presents or causes to be presented to any insurer, any written or oral statement including computer-generated documents as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains false, incomplete, or misleading information concerning any fact or thing material to such claim; ... is guilty of a felony and shall be subject to a term of imprisonment not to exceed five (5) years, or a fine not to exceed five thousand dollars ($5,000) or both. . . .

**A. The Commission May Require A Claimant To Forfeit His Or Her Benefits Pursuant To I.C. § 72–801, When A Criminal Conviction Has Been Obtained Against The Claimant Under I.C. § 41–1325.**

Berglund argues that since he was never charged with or convicted of violating I.C. § 72–801, he cannot be required to forfeit his benefits under that statute. He further argues that since I.C. §§ 72–801 and 41–1325 are not identical, conviction under I.C. § 41–

1325 cannot be a basis for benefit forfeiture under I.C. § 72–801.

However, the Commission's decision that Berglund forfeited his right to benefits under I.C. § 72–801 was not based solely on I.C. § 41–1325. In its Order on Reconsideration, the Commission expressly stated:

> [t]he Commission's decision was only based in part upon [Berglund's] criminal conviction for providing false information to an insurer … The Referee reviewed the evidence submitted at hearing held on January 4 and 5, 1996. She determined [Berglund] was not credible as his testimony regarding the alleged incident was inconsistent. The Commissioners then reviewed the record prior to adopting the proposed order and found the Referee was correct, and that her decision was reflective of the record.

On appeal, Berglund does not dispute the Commission's factual findings that his testimony was inconsistent, that he was not a credible witness, and that he did not sustain a compensable work-related injury. Those determinations were made independently of the criminal conviction, and provide a sufficient basis for the Commission's finding that Berglund "wilfully ma[de] a false statement or representation" for the purpose of obtaining workers' compensation benefits. Therefore, we uphold the finding of the Commission that Berglund violated I.C. § 72–801, and must reimburse the Respondents for amounts they had already paid Berglund.

**B. Berglund Did Not Properly Present On Appeal The Issue Of Whether He Was Denied His Due Process Rights By Entry Of The Commission's Findings Of Fact, Conclusions Of Law, And Order, Without A Further Hearing.**

█ Berglund argues on appeal that he should have been given an opportunity before the Commission to present evidence regarding the information he supplied to the Respondents. According to the Commission's Findings of Fact, Conclusions of Law, and Proposed Order, Berglund wrote to the Commission and objected to the Referee's decision to treat Respondents' Memorandum in Support of the Motion for Judgment as a post-hearing brief. The Findings further state that the Referee overruled that objection.

However, the objection is not part of the record on appeal. Thus, this Court cannot ascertain the basis for the objection, the nature of the arguments contained in it, or whether those arguments would be sufficient to support the objection. We have noted that "[q]uestions or matters not presented in the record will not be considered by this Court on appeal." *Feld v. Idaho Crop Improvement Ass'n,* 126 Idaho 1014, 1017, 895 P.2d 1207, 1210 (1995). Because the objection to the Commission's procedure is not in the record, the due process issue has not been properly preserved, and we will not consider it on appeal.

**C. The Commission's Order Does Not Violate The Double Jeopardy Clauses Of The United States And Idaho Constitutions.**

1. **Because I.C. § 72–801 was intended to be civil in nature, and because it is not so punitive that it cannot legitimately be termed civil, requiring reimbursement under that section does not violate the United States Constitution's Double Jeopardy Clause.**

█ Berglund argues that because the civil forfeiture provided for in I.C. § 72–801 is not *solely* remedial, forfeiture in the form of reimbursement after the criminal conviction and sentence violates the Double Jeopardy Clause of the United States Constitution. That clause provides: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend V. Berglund quotes *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), for the proposition that if a forfeiture is not solely remedial, but also retributive or a deterrent, it is punishment for double jeopardy purposes. That argument is unavailing. The United States Supreme Court recently stated that its holding in *Austin* applied only to the Excessive Fines Clause of the Eighth Amendment, not the Double Jeopardy Clause of the Fifth Amendment. *United States v. Ursery,* —— U.S.

——, ——, 116 S.Ct. 2135, 2146, 135 L.Ed.2d 549 (1996).

Further, this Court has recently noted that:

[t]ransplanting the *Austin* language to other types of cases without analyzing the context in which those statements were made could lead to a bright line rule that would preclude criminal prosecution wherever any other governmental action was taken against a person that had some deterrent purpose ... The reasoning in [*Department of Revenue of Montana v.*] *Kurth Ranch* [511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994)] makes it clear that the U.S. Supreme Court did not intend such a bright line rule.

*State v. Talavera,* 127 Idaho 700, 705, 905 P.2d 633, 638 (1995).

The United States Supreme Court further indicated that "solely remedial" is not the proper test.

Although *Kurth Ranch* was a five-four decision, all nine justices agreed that [*United States v.*] *Halper,* [490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)] [a case decided prior to *Austin* ], held that a second sanction may not be imposed *to the extent* that it can *only* be characterized as a deterrent or retribution. [Footnote omitted]. However, a primarily remedial sanction may serve some deterrent purposes without crossing the line to punishment for double jeopardy purposes.

*Talavera,* 127 Idaho at 705, 905 P.2d at 638.

In *Ursery,* the United States Supreme Court clarified the proper analysis to be used in determining whether the application of a particular civil forfeiture violates the Double Jeopardy Clause. It began by stating that the question of whether a particular forfeiture is civil is essential, because "in a long line of cases, this Court has considered the application of the Double Jeopardy Clause to civil forfeitures, *consistently concluding that the Clause does not apply to such actions because they do not impose punishment.*" —— U.S. at ——, 116 S.Ct. at 2140 (emphasis added).

A key distinction to be drawn is between *in personam* civil penalties, which the *Ursery* court distinguished from *in rem* civil forfeitures. While a court must balance the penalty imposed against the harm to the government in a penalty case, it need not do so in the case of a forfeiture. *Ursery,* —— U.S. at ——–——, 116 S.Ct. at 2144–45. Further, civil forfeitures,

in contrast to civil penalties, are designed to more than simply compensate the Government. Forfeitures serve a variety of purposes, but are designed primarily to confiscate property used in violation of the law, and *to require disgorgement of the fruits of illegal conduct...* it is virtually impossible to quantify, even approximately, the nonpunitive purposes served by a particular civil forfeiture.

*Id.* at ——, 116 S.Ct. at 2145 (emphasis added).

As further clarification, the Court stated that an essential distinction between penalties and forfeitures was whether a particular proceeding is " 'criminal and punitive, or civil and remedial.' " —— U.S. at ——, 116 S.Ct. at 2142 (quoting *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 362, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984)). In other words, a "civil forfeiture is 'not an additional penalty for the commission of a criminal act, but rather is a separate civil sanction, remedial in nature.' " *Id.* at ——, 116 S.Ct. at 2142 (quoting *89 Firearms,* 465 U.S. at 366, 104 S.Ct. at 1107). In deciding whether a proceeding is a civil forfeiture, the Court set forth a two-step analysis. First, a court must ask "whether [the legislative body] intended proceedings [under the law in question] to be civil or criminal." *Ursery,* —— U.S. at ——, 116 S.Ct. at 2147. Then, the question is whether "the proceedings are so punitive in fact as to 'persuade us that the forfeiture proceeding[s] may not legitimately be viewed as civil in nature,' " in spite of the legislature's or Congress' intent. *Id.* (quoting *89 Firearms,* 465 U.S. at 366, 104 S.Ct. at 1107).

With that analytical framework in mind, we turn to the first question of the *Ursery* test, which is whether the Idaho Legislature intended I.C. § 72–801 to be civil and remedial or criminal and punitive. Berglund acknowledged in his brief that a worker's compensation claim is by nature civil. However,

he also argued that the reimbursement order was based upon a criminal conviction, and was therefore a criminal as opposed to a civil sanction. This argument fails, for I.C. § 72–801 is clearly civil in nature. It is part of the worker's compensation laws, which are administrative and civil as opposed to criminal. Although I.C. § 72–801 mentions criminal convictions, the United States Supreme Court has clearly stated that:

this fact [that a statute is tied to criminal activity] is insufficient to render the statute[ ] punitive. It is well settled that [the Legislature] may impose both a criminal and a civil sanction in respect to the same act or omission. By itself, the fact that a forfeiture statute has some connection to a criminal violation is far from the "clearest proof" necessary to show that a proceeding is criminal.

*Ursery*, —— U.S. at ——, 116 S.Ct. at 2149.

We now turn to the second prong of the *Ursery* test, in which we must determine whether the forfeiture is so punitive in fact that it is criminal rather than civil. Requiring Berglund to reimburse Respondents is not so punitive in fact that forfeiture of benefits cannot legitimately be viewed as civil in nature. Clearly, reimbursement under I.C. § 72–801 is designed to "require disgorgement of the fruits of illegal conduct." *Id*, at ——, 116 S.Ct. at 2145.

Applying *Ursery's* two-step analysis, we hold that the reimbursement requirements of I.C. § 72–801 are in the nature of a civil forfeiture. Reimbursement under I.C. § 72–801 clearly bears a legitimate remedial purpose: the repayment of money to which Berglund was never entitled. In addition, reimbursement bears a rational relationship to that purpose. Thus, the imposition of a criminal punishment under I.C. § 41–1325 and reimbursement under I.C. § 72–801 do not constitute double jeopardy in violation of the United States Constitution's Double Jeopardy Clause.

**2. The reimbursement order does not violate the Idaho Constitution.**

The Idaho Constitution's Double Jeopardy Clause declares that "[n]o person shall be twice put in jeopardy for the same offense." Idaho Const. art. I, § 13. We recently held that the Idaho Constitution does not provide greater protection against double jeopardy than does its federal counterpart. *State v. Reichenberg*, 128 Idaho 452, 457–58, 915 P.2d 14, 19–20 (1996). Because we held that the reimbursement order did not violate the United States Constitution's Double Jeopardy Clause, we now hold that it does not violate the Idaho Constitution.

**3. Berglund did not adequately brief the issue of whether the reimbursement order violated I.C. § 18–301.**

Berglund states that the reimbursement order "constitutes double jeopardy in violation of the Claimant's rights under … I.C. Section 18–301." However, Berglund offers no argument or authority for that proposition. Idaho Appellate Rule 35 states that "[t]he argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and the record relied upon." I.A.R. 35(a)(6) (1996); *State v. Burris*, 101 Idaho 683, 684 n. 1, 619 P.2d 1136, 1137 n. 1 (1980). Because Berglund did not offer any argument or authority regarding his I.C. § 18–301 argument, we do not reach it on appeal.

## V.

## CONCLUSION

We uphold the decision of the Idaho Industrial Commission that Berglund violated I.C. § 72–801, has forfeited his right to future compensation, and must reimburse the Respondents for amounts they previously paid to him. We also hold that Berglund did not properly preserve and present the due process issue. Finally, reimbursement under I.C. § 72–801 after a criminal conviction and sentence under I.C. § 41–1325 does not violate the Double Jeopardy Clauses of the United States and Idaho Constitutions.

Costs are awarded to the respondents on appeal.

McDEVITT, C.J., and JOHNSON, TROUT and SCHROEDER, JJ., concur.