69 P.3d 1048

Stacy A. GIBSON and John M. Gibson, husband and wife, Plaintiffs–Appellants,

v.

ADA COUNTY, Ada County Sheriff's Department and those Public Officials in Charge; Vaughn Killeen, Ada County Sheriff; R. Monte MacConnell, Legal Advisor to the Ada County Sheriff; The Office of the Ada County Prosecutor and Greg Bower, the public official in charge, Defendants–Respondents.

No. 27331.

Supreme Court of Idaho, Boise, December 2002 Term.

April 9, 2003.

Rehearing Denied May 28, 2003.

Vernon K. Smith Jr., Boise, for appellants.

Greg H. Bower, Ada County Prosecutor, Boise, for respondents. Kelli B. Ketlinski argued.

KIDWELL, Justice.

Stacy A. Gibson (Stacy) and John M. Gibson (John), husband and wife (the Gibsons), requested a variety of public records from Ada County (the County) pursuant to title 9, chapter 3, Idaho Code. The County refused the request, in part, on grounds that certain documents requested were exempt from disclosure as "investigatory records" pursuant to I.C. §§ 9–335 and –340B. The Gibsons sought judicial review of the County's decision. The district court affirmed. The Gibsons timely filed this appeal.

I.

FACTS AND PROCEDURAL BACKGROUND

On July 23, 1997, Stacy began working for the Ada County Sheriff's Department (ACSD) as a Records Technician II (records tech). The ACSD paid Stacy $1,500 per month plus overtime. Approximately one week prior to each time she was paid, Stacy signed a pay voucher stating that she had examined the voucher and authorizing the County to pay her in accordance therewith.

In fall 1998, at Stacy's request, the ACSD made her a Jail Technician II (jail tech). As a jail tech, Stacy's pay rose to $1,550 per month plus overtime. In the course of adjusting Stacy's salary, the County erred. As a result, beginning with her pay for November 1998, the County paid Stacy the base pay for a jail tech position, $1,550, plus base pay for a records tech position, $1,500, and overtime. From November 1998 through June 1999, Stacy signed pay vouchers authorizing the ACSD to pay her $3,050 plus overtime in amounts of $100 to $700 per month. The ACSD paid in accordance with the pay vouchers.

In June or July 1999, the ACSD discovered that it had overpaid Stacy $12,000 over the course of eight months. Believing that Stacy's act of signing pay vouchers authorizing the overpayments for eight months might constitute a crime, the ACSD assigned Detective Arvinn Glenn (Glenn) to investigate the matter.

The ACSD concluded that Stacy knowingly signed pay vouchers indicating that her base salary was $3,050 when she knew it to be only $1,550. The ACSD terminated Stacy and referred the matter to the Ada County Prosecuting Attorney (ACPA) to determine whether criminal charges were appropriate. As a result of a conflict, the ACPA referred the matter to conflict counsel. Conflict counsel determined that criminal charges were not appropriate and returned the file to the ACPA.

On November 17, 1999, after conflict counsel returned the case file to the ACPA, the Gibsons requested a variety of public records from the County, including documents contained in the ACPA's case file. On November 29, 1999, the County denied Gibsons' request on the grounds that the documents requested were "investigatory records."

On May 26, 2000, the Gibsons filed a petition to enforce right to examine and receive copy of records. On July 19, 2000, the district court ordered the County to explain in detail why it refused the Gibsons' request. On August 18, 2000, the County filed a response to the Gibsons' petition and the district court's order. The County asserted that Gibson had received all but five of the documents in the County's possession through discovery in *Gibson v. Ada County Sheriff's Department*, docket No. 27605. The County claimed that the five documents not yet disclosed were, nonetheless, investigatory records exempt from disclosure pursuant to I.C. §§ 9–335 and –340B. After reviewing the documents in camera, the district court affirmed the County's refusal of the Gibsons' request for the documents constituting the ACPA's case file.

On March 13, 2001, the Gibsons appealed.

About the time the Gibsons filed this appeal, three more documents were put at issue in the case. The record does not reflect whether the documents were requested by

Gibson, or placed at issue voluntarily by the County.

Subsequently, the parties stipulated to, and this Court ordered, temporary remand to the district court because certain documents were not reviewed by the district court in camera; therefore, the district court had not considered all of the relevant documents when it affirmed the County's denial of the Gibsons' request.

On January 8, 2002, after in camera review of the remaining documents, the district court again affirmed the County's decision denying the Gibsons' request for all of the documents. The Gibsons proceeded with this appeal.

The record on appeal in this matter is inexplicably bereft of the documents at issue. Neither party suggested augmenting the record with the relevant documents until members of this Court suggested that it would be unable to review the district court's factual findings without the documents. It also became clear at oral argument that the Gibsons, prior to this appeal, received five of the eight documents relevant to this appeal. The parties then disputed whether the Gibsons ever requested the three remaining documents that they had not yet received and whether the documents were properly at issue on appeal absent such a request.

## II.

## STANDARD OF REVIEW

■ When this Court considers an appeal from the denial of a public records request, it affirms a district court's findings of fact unless the findings are clearly erroneous. *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002) (citing *DeChambeau v. Estate of Smith*, 132 Idaho 568, 571, 976 P.2d 922, 925 (1999)). "[F]indings ... based upon substantial and competent ... evidence will not be disturbed on appeal." *Id.* This Court, however, exercises free review over matters of law. *Id.* (citing *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 760, 992 P.2d 751, 755 (1999)).

## III.

## ANALYSIS

**The District Court Did Not Err By Denying The Gibsons' Public Records Request Considering The Record Before Us.**

The Gibsons argue that the documents they seek are not investigatory records pursuant to I.C. §§ 9–335; moreover, even if the documents were exempt investigatory records, the Gibsons would be entitled to them because the documents must be disclosed as records "pertaining to" Stacy pursuant to I.C. § 9–342(1). The County, in contrast, contends that the documents do not "pertain to" Stacy under the meaning of I.C. § 9–342. If the documents did "pertain to" Stacy, the County contends that the "pertaining to" exception in I.C. § 9–342(1) does apply to records that are otherwise exempt under I.C. § 9–335.

■ Section 9–335, Idaho Code, exempts "investigatory records" from disclosure pursuant to provision of title 9, chapter 3, Idaho Code, but the exemption:

(1) ... applies only to the extent that the production of such records would:

(a) Interfere with enforcement proceedings;

(b) Deprive a person of a right to a fair trial or an impartial adjudication;

(c) Constitute an unwarranted invasion of personal privacy;

(d) Disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement agency in the course of a criminal investigation, confidential information furnished only by the confidential source;

(e) Disclose investigative techniques and procedures; or

(f) Endanger the life or physical safety of law enforcement personnel.

(2) An inactive investigatory record shall be disclosed unless the disclosure would violate the provisions of subsection (1)(a) through (f) of this section. Investigatory record as used herein means information with respect to an identifiable person or group of persons compiled by a law en-

forcement agency[1] in the course of conducting an investigation of a specific act or omission. . . .

I.C. §§ 9–335(1) and (2). Section 9–335, Idaho Code, controls over provisions, such as I.C. § 9–342(1), that might otherwise provide for disclosure of investigatory records. *Bolger v. Lance*, 137 Idaho at 796, 53 P.3d at 1215. One may infer from the district court's orders that it too reached this conclusion. As the district court properly resolved the conflict between I.C. § 9–335 and § 9–341(1), the question becomes whether the district court's finding that the documents constitute investigatory records is clearly erroneous.

▇▇ The district court included cursory findings of fact in its orders of January 20, 2001, and January 8, 2002. In the January 20, 2001, order affirming the County's decision to deny disclosure, the district court found after "in camera review of Exhibits . . . pursuant to I.C. § 9–335 and § 9–340B . . . [the County] is justified in refusing to disclose documents requested by [the Gibsons]." In the January 8, 2002, supplemental order affirming the County's decision to deny disclosure upon temporary remand, the district court found the County was "justified in refusing to disclose" the additional documents reviewed in camera "as well." The district court's orders did not specify which provisions of I.C. § 9–335(1) and 9–340B provided an exemption for the records.

A review of the relevant documents presented the only manner in which this Court could determine whether the district court's factual findings were clearly erroneous. The absence of the documents from the record on appeal, however, has prevented the Court from conducting such a review. At argument, the Gibsons contended, and the County conceded, that it was the County's burden to ensure that the relevant documents became part of the record on appeal because the Gibsons did not have access to the documents and the County bore the burden of justifying non-disclosure pursuant to I.C. § 9–338(1).

Neither the Gibsons' argument nor the County's concession persuades us.[2]

▇▇ The party appealing a decision of the district court bears the burden of ensuring that this Court is provided a sufficient record for review of the district court's decision. *See McAlpin v. Wood River Med.Ctr.*, 129 Idaho 1, 4, 921 P.2d 178, 181 (1996); *Feld v. Idaho Crop Imp. Ass'n*, 126 Idaho 1014, 1017, 895 P.2d 1207, 1210 (1995); *McKay Const. Co. v. Ada County*, 126 Idaho 923, 925, 894 P.2d 156, 158 (Ct.App.1995); *Ernst v. Hemenway & Moser Co., Inc.*, 126 Idaho 980, 983, 895 P.2d 581, 584 (Ct.App.1995). When a record or exhibit not included in the record on appeal is unavailable to the party who wishes to make it part of the record for appeal, it is incumbent on that party to move the district court, or petition this Court, to order augmentation of the record on appeal with the relevant record(s) or exhibit(s). *See State v. Hosey*, 134 Idaho 883, 888, 11 P.3d 1101, 1106 (2000). When a party appealing an issue presents an incomplete record, this Court will presume that the absent portion supports the findings of the district court. *Orthman v. Idaho Power*, 134 Idaho 598, 603, 7 P.3d 207, 212 (2000). We will not presume error from a "silent record or from the lack of a record." *Brooks v. Brooks*, 119 Idaho 275, 280, 805 P.2d 481, 486 (Ct.App.1990) (citing *Payette Farms Co. v. Conter*, 103 Idaho 148, 645 P.2d 888 (1982)).

Under the circumstances of this case, we presume that the missing portion of the record—the very documents at issue—support the district court's findings of fact, however cursory they may be. Therefore, the district court's findings of fact are not clearly erroneous.

## IV.

### CONCLUSION

The district court correctly concluded that I.C. § 9–335 controls over I.C. § 9–342(1)

---

1. Neither party disputes that the ACPA is a "law enforcement agency."

2. At oral argument the Gibsons proposed augmenting the record on appeal with the relevant documents pursuant to I.A.R. 30. The County agreed and stated that it would stipulate to augmentation of the record. Over a month after the hearing we have not seen the documents at issue and we await a motion or stipulation to augment filed in accord with I.A.R. 32.

and based on the record before us the district court's findings of fact are not clearly erroneous. Therefore, this Court affirms the district court's conclusion that the documents at issue are exempt from disclosure. We award costs to respondents. No attorney fees were requested on appeal.

Chief Justice TROUT, Justices SCHROEDER and EISMANN concur.

WALTERS, J., concurring in the result.

I agree with the result announced in the Court's decision but I arrive there through another, more direct and shorter course of reasoning. In my view, the district court should be sustained on the ground that the issues raised in the appeal are moot. During the oral argument before this Court, the appellants' counsel confirmed that the appellants have received "in one form or another" the three documents that were the subject of the petition in the district court from which the appeal was taken. Because the appellants have already received those documents, it is meaningless for this Court or the district court to consider any further whether the appellants can be provided with the relief sought by the petition. Consequently, I would dismiss the appeal as moot.