## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44295

| | | |
|---|---|---|
| **TERRY LEE ASH,** | ) | **2017 Opinion No. 27** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: June 7, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

GRATTON, Chief Judge

Terry Lee Ash appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

In the underlying case, the State charged Ash with driving under the influence, Idaho Code §§ 18-8004, 18-8005(9), and a persistent violator enhancement, I.C. § 19-2514. In the State's case-in-chief at trial, the prosecutor asked the arresting officer, "Now, after he performed those FSTs and you arrested him, did he say anything about drinking any more alcohol besides the one beer?" The officer responded, "He decided not to say anything more after that." Trial counsel moved for a mistrial, asserting the question and answer violated Ash's privilege against self-incrimination. The prosecutor opposed the motion, filing an affidavit in which she stated

1

she understood how the Fifth Amendment applied to Ash's rights, would not intentionally attempt to violate those rights, and was trying to impeach anticipated testimony from Ash that contradicted prior statements he made to the officer. Relying on *State v. Ellington*, 151 Idaho 53, 253 P.3d 727 (2011), the district court stated: "a prosecutor cannot use post-custody silence to infer guilt in its case in chief." The court held the prosecutor's question and officer's answer constituted fundamental error, granted the motion for mistrial, and scheduled the case for a second trial. The jury in the second trial convicted Ash of driving under the influence. Ash appealed, and this Court affirmed his conviction.

Ash filed a pro se petition for post-conviction relief and requested appointed counsel. The district court appointed counsel, and counsel amended Ash's petition. In his amended petition, Ash asserted his trial counsel was ineffective for failing to object to his second prosecution on double jeopardy grounds and his "rights to be free from double jeopardy . . . were violated by the second prosecution and conviction." Ash attached a transcript of the proceedings in the underlying case and the prosecutor's affidavit to his amended petition. The State moved for summary dismissal, and Ash moved for summary judgment in response. The district court dismissed the petition. Ash timely appeals.

## II.

## ANALYSIS

Ash asserts the district court erred in summarily dismissing his petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such

2

supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004);

3

*Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Ash asserts the district court erred in summarily dismissing his ineffective assistance of counsel and double jeopardy claims.

**A.      Ineffective Assistance of Counsel Claim**

Ash asserts the district court erred in summarily dismissing his ineffective assistance of counsel claim. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the

4

motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

Ash asserts his amended petition raised a genuine issue of material fact about whether trial counsel was ineffective for failing to object to his second prosecution on double jeopardy grounds. Generally, a defendant's motion for mistrial removes any double jeopardy bar to retrial. *Oregon v. Kennedy*, 456 U.S. 667, 673 (1982). A narrow exception[1] to this general rule arises when the prosecutor "intended to provoke the defendant into moving for a mistrial." *State v. Fairchild*, 121 Idaho 960, 963, 829 P.2d 550, 553 (Ct. App. 1992). "Negligence, even if gross, is insufficient to constitute intent to provoke a mistrial." *State v. Pugsley*, 128 Idaho 168, 174, 911 P.2d 761, 767 (Ct. App. 1995).

Ash asserts a genuine issue of material fact exists about whether the prosecutor intended to provoke him into moving for a mistrial. Therefore, he contends that summary dismissal was inappropriate as to whether trial counsel was ineffective for failing to object to the second prosecution on double jeopardy grounds. According to Ash, inconsistencies in the prosecutor's affidavit created a genuine issue of material fact about whether the prosecutor intended to provoke him into moving for a mistrial. Ash contends the prosecutor's "averment that she understands the Fifth Amendment and that she did not intend to violate it cannot be true--because she either did not understand the Amendment or she did intend to violate it, because she did violate it."

The district court held there was no genuine issue of material fact about whether the prosecutor intended to provoke Ash into moving for a mistrial and concluded, in fact, that the prosecutor did not intend to provoke him into moving for a mistrial. The court stated:

> [T]he State's inquiry about post-arrest silence was to influence [Ash's] decision about testifying to different facts than stated by the officer. In this sense, [the prosecutor] certainly acted intentionally. However, there is nothing in the record that the State intended thereby to "provoke the defendant into calling for a mistrial . . ." Rather, it appears the deputy prosecutor acted upon an inadequate

---

[1]     Referring to *Oregon v. Kennedy*, 456 U.S. 667 (1982), Ash refers to this exception as the *Kennedy* exception.

understanding of the law. Therefore, double jeopardy did not attach to [Ash's] case and was not a bar to subsequent prosecution. . . .

Even if Ash's trial counsel had objected or moved to dismiss the second trial, the end result would have been the same. Double jeopardy did not attach.

(quoting *Pugsley*, 128 Idaho at 173, 911 P.2d at 766).

We agree. While the prosecutor's affidavit shows she intended to inquire about Ash's post-arrest silence and calls into question the prosecutor's understanding of the law, it does not raise a genuine issue of material fact about whether the prosecutor intended to provoke Ash into moving for a mistrial. Importantly, the State did not dispute the facts in the prosecutor's affidavit. Therefore, the district court was free to arrive at the most probable inferences to be drawn from the affidavit. The district court concluded that the prosecutor "acted upon an inadequate understanding of the law" and, therefore, did not intend to provoke Ash into moving for a mistrial. Because the uncontroverted evidence justifies these conclusions, we refuse to disturb them on appeal. Accordingly, a motion by Ash's trial counsel objecting to the second prosecution on double jeopardy grounds would have failed. Because the district court would not have granted a motion by Ash's trial counsel objecting to the second prosecution on double jeopardy grounds, Ash's claim that trial counsel should have sought such a motion fails both prongs of the *Strickland* test.

## B.     Double Jeopardy Claim

Ash asserts he raised a genuine issue of material fact about whether his "rights to be free from double jeopardy . . . were violated by the second prosecution and conviction." Ash did not raise this claim in his direct appeal from the underlying case. Ash asserts this claim is a direct constitutional claim that can be raised for the first time on appeal from his post-conviction case.

Idaho Code § 19-4901(a) sets forth the types of claims that are cognizable in post-conviction, which include claims "[t]hat the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of this state." I.C. § 19-4901(a)(1). However,

[a]ny issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

6

I.C. § 19-4901(b). Ash asserts I.C. § 19-4901(b) must be construed not to preclude claims authorized by I.C. § 19-4901(a), such as direct constitutional claims. According to Ash, I.C. § 19-4901(b) must be limited to trial errors, and claims authorized by I.C. § 19-4901(a) can be raised for the first time in post-conviction.[2] Thus, Ash asserts he did not waive his double jeopardy claim by failing to raise it on direct appeal because it is a direct constitutional claim authorized by I.C. § 19-4901(a).

The State responds that I.C. § 19-4901(b) must be construed to place a limitation on the remedy available under I.C. § 19-4901(a). Thus, a petitioner waives a claim authorized by I.C. § 19-4901(a) that was not raised on direct appeal unless the claim "raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier." I.C. § 19-4901(b). The State asserts Ash did not show his double jeopardy claim could not have been presented in his direct appeal. Thus, the State argues Ash waived his double jeopardy claim. In reply, Ash asserts his double jeopardy claim could not have been raised on direct appeal because it requires proof of the prosecutor's intent, and such proof was not in the trial record. In ruling on the double jeopardy claim, the district court reiterated that double jeopardy did not attach. The court also held Ash had waived the issue by failing to assert it in his direct appeal.

We need not decide if Ash's double jeopardy claim is cognizable in post-conviction because we have upheld the district court's conclusion that the prosecutor did not intend to provoke Ash into moving for a mistrial. Thus, Ash's double jeopardy claim fails even if it is cognizable in post-conviction because double jeopardy did not attach.[3]

---

[2] At oral argument, Ash asserted that *Johnson v. State*, ___ Idaho ___, ___ P.3d ____ (May 12, 2017) (*pet. for rehr'g pending*) supports this argument. However, *Johnson* did not hold that Idaho Code § 19-4901(b) was inapplicable to direct constitutional violation claims. Instead, *Johnson* held only that I.C. § 19-4901(b) did not bar the Eighth Amendment claim of an illegal sentence in that case because the basis for the claim and relief requested--*Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012)--did not exist at the time of Johnson's direct appeal. *Johnson*, ____ Idaho at _____, ____ P.3d at _____. On the other hand, in *Grove v. State*, 161 Idaho 840, 851, 392 P.3d 18, 29 (Ct. App. 2017), we held that the potential remedy for post-conviction claims grounded upon the alleged failings of counsel falls within ineffective assistance of counsel, not direct constitutional violation. We further held that an alleged direct constitutional violation claim that has not been shown could not have been presented on direct appeal is subject to I.C. § 19-4901(b)'s bar. *Grove*, 161 Idaho 840, 851-53, 392 P.3d 18, 29-31.

[3] Ash asks this Court to adopt "the expansion of the *Kennedy* exception set out in *United States v. Wallach*, 979 F.2d 912 (2nd Cir. 1992)" or "an even broader exception consistent with

### III.

### CONCLUSION

Ash has not demonstrated a genuine issue of fact that the prosecutor intended to provoke Ash into moving for a mistrial. Thus, double jeopardy did not attach and trial counsel was not ineffective for failing to object to Ash's second prosecution on double jeopardy grounds. The district court's judgment summarily dismissing Ash's petition for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

the Idaho Constitution's greater protection against double jeopardy." Ash urges an exception that, instead of focusing on the prosecutor's intent, bars "retrial on the basis of double jeopardy when prosecutorial misconduct has so prejudiced the rights of the defendant that the only recourse is a mistrial or reversal." We decline to adopt a broader exception than that set out in *Kennedy* because neither the United States Supreme Court nor our Supreme Court has expressed a need for such an exception. Moreover, Idaho courts have consistently held the Idaho Constitution's Double Jeopardy Clause is co-extensive with the United States Constitution's Double Jeopardy Clause. *See, e.g.*, *Berglund v. Potlatch Corp.*, 129 Idaho 752, 757, 932 P.2d 875, 880 (1996); *State v. Reichenberg*, 128 Idaho 452, 457-58, 915 P.2d 14, 19-20 (1996); *State v. McKeeth*, 136 Idaho 619, 624, 38 P.3d 1275, 1280 (Ct. App. 2001).