# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44171

BEDARD AND MUSSER, an Idaho
partnership, and BOISE HOLLOW LAND
HOLDINGS, RLLP, an Idaho limited liability
partnership,

      Plaintiffs-Appellants,

v.

CITY OF BOISE CITY, a body politic
corporate of the State of Idaho,

      Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, May 2017 Term

2017 Opinion No. 104

Filed: September 22, 2017

Karel A. Lehrman, Clerk

———————————

Appeal from the District Court of the Fourth Judicial District of the State of
Idaho, Ada County. Hon. Jonathan Medema, District Judge.

The judgment of the district court is affirmed

Davison, Copple, Copple & Copple, LLP, Boise, for appellant. Terry C. Copple
argued.

Robert B. Luce, Boise City Attorney, Boise, for respondent. Abigail Germaine
argued.

———————————

BRODY, Justice.

This case involves a claim to quiet title. Plaintiffs Bedard and Musser, and Boise Hollow
Land Holdings, RLLP (collectively referred to as Boise Hollow) filed suit against Boise City
seeking a declaration that they: (1) hold an access easement over part of Quail Hollow Golf
Course pursuant to a recorded Permanent Easement Agreement; and (2) are entitled to expand
the easement area to comply with certain requirements of the Ada County Highway District so
that it can be dedicated as a public road. The district court rejected Boise Hollow's position on
summary judgment, finding that the agreement did not create an easement because the entity
which purported to grant the easement across the golf course property had only a leasehold

1

interest at the time the agreement was signed. Moreover, the same party owned both the land where the easement was located (the servient estate) and the land to which the easement was appurtenant (the dominant estate). The district court further found that any access that was granted by the lessor under the agreement terminated when the leasehold was terminated by an express agreement. The district court entered judgment in favor of Boise City. We affirm the district court's judgment.

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

This is an easement dispute between two adjoining landowners. Boise Hollow owns approximately 63 acres designated as Lot 4 in the Nibler Subdivision in Ada County. Boise City owns the adjacent Quail Hollow Golf Course.

The properties at issue have a lengthy ownership and transfer history. In 1943, Victor Nibler purchased a large tract of land. In the 1970s, Victor and his wife, Ruth, constructed a golf course on part of their land. In 1980, the Niblers leased the golf course to a group of individuals for 99 years. Those individuals subsequently assigned the leasehold to a corporation, whose leasehold was later judicially foreclosed and purchased at the foreclosure sale by an entity called A-J Corporation. The Niblers and A-J Corporation subsequently amended the lease agreement, but did not change the duration of the leasehold. In 1986, A-J Corporation assigned its interest in the leasehold to Tee, Ltd., whose principals included Tommy Sanderson.

In 1990, the Niblers sold a large portion of their land to Vancroft Corporation, including the golf course and the 63 acre parcel now owned by Boise Hollow. Since the golf course was leased to Tee, Ltd. at the time of the sale, the Niblers also assigned their interests as landlords to Vancroft.

In approximately 1991, Vancroft, Tee, Ltd., and Sanderson executed the Permanent Easement Agreement at issue. The agreement purports to create a permanent access easement across the golf course for the benefit of the 63 acre parcel. There is no dispute that Vancroft owned both parcels at the time the agreement was executed. Both parcels have changed hands multiple times since the Permanent Easement Agreement at issue was executed. There is no dispute that Boise Hollow and Boise City are the successors-in-interest to that agreement.

The parties filed cross motions for summary judgment. The district court granted Boise City's motion and entered judgment in the City's favor. Boise Hollow timely appealed to this Court.

## II.
## STANDARD OF REVIEW

In reviewing a grant of summary judgment, this Court's standard of review is the same as the district court's standard in ruling upon a motion. *Thomson v. Lewiston*, 137 Idaho 473, 475–76, 58 P.3d 488, 490–91 (2002). "The [district] court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). The court will consider "pleadings, depositions, and admissions on file, together with the affidavits, if any." *Kiebert v. Goss*, 144 Idaho 225, 227, 159 P.3d 862, 864 (2007) (citations omitted). "When an action will be tried before the court without a jury, the trial court as the trier of fact is entitled to arrive at the most probable inferences based upon the undisputed evidence properly before it and grant the summary judgment despite the possibility of conflicting inferences." *Shawver v. Huckleberry Estates, LLC*, 140 Idaho 354, 360−61, 93 P.3d 685, 691–92 (2003). "[The Court] will not disturb findings of fact that are supported by substantial and competent evidence, even if there is conflicting evidence." *Akers v. D.L. White Constr. Inc.*, 142 Idaho 293, 298, 127 P.3d 196, 201 (2005).

## III.
## ANALYSIS

A. **The district court correctly held that the agreement did not create a permanent easement across the golf course property.**

Boise Hollow contends that the district court erred when it held that the agreement at issue did not create a permanent easement. The district court based its decision on two well-understood legal principles. First, a tenant cannot grant a greater interest in property than its own possessory interest (i.e., Tee, Ltd. could only grant access across the property so long as its lease was in place). Second, a landowner cannot create an easement across his own property. Boise Hollow contends that these principles should not apply. Boise Hollow's arguments are not well taken.

There is no dispute that Vancroft owned both the golf course property and the 63 acre parcel at the time the Permanent Easement Agreement was executed. There is also no dispute that Tee, Ltd. held only a leasehold interest in the golf course property. Sanderson was principal

3

of Tee, Ltd., and did not hold any interest in either parcel so it is unclear why he was made a party to the agreement.

The agreement stated that Tee, Ltd. and the Sandersons:

Hereby grant, convey and remise to Vancroft Corporation a forty (40') foot perpetual easement under, over and across the southwest quarter of Lot 1, Block 2, Nibler Subdivision the legal description of which is attached hereto as Exhibit B and incorporated herein by this reference, for the purposes of providing utilities and access (i.e., ingress and egress) to Lot 4, Block 2, Nibler Subdivision. A drawing of the location of the easement is shown on Exhibit C which is attached hereto and incorporated herein by this reference and is also shown on the Nibler Subdivision Plat as a forty (40') foot access and utility easement to Lot 4, Block 2.

While this language purports to grant a permanent easement, an easement can be granted only by a person who has title to, or an estate in, the servient tenement, and an easement may not create a right that the grantor did not possess. 25 Am. Jur. 2d *Easements and Licenses* § 12 (2017). A "lessee has . . . a limited ownership interest in the real property" still owned in fee title by the landlord. *Krasselt v. Koester*, 99 Idaho 124, 125, 578 P.2d 240, 241 (1978). A tenant has a possessory interest and the landlord has a reversionary interest. *Wing v. Martin*, 107 Idaho 267, 272, 688 P.2d 1172, 1177 (1984).

Here, Tee, Ltd., held only a possessory interest in the golf course property until the expiration of its leasehold estate and could not convey any interest in the property greater than its own possessory interest. Any right that Tee, Ltd., could have conveyed to Vancroft under the agreement terminated with the leasehold.

Boise Hollow recognizes that this is the law in Idaho, but contends that the policy behind it—to protect the owner of the servient estate from being bound by a condition granted unilaterally by his tenant without the owner's approval—is not implicated here. Boise Hollow cites *Leichtfuss v. Dabney*, 122 P.3d 1220 (Mont. 2005), to support its position. Its reliance on *Leichtfuss* is misplaced.

The *Leichtfuss* court addressed a situation which is much different than the one at hand as evidenced by its description of the issue presented:

The precise issue, therefore, is whether an easement established by prescription for the benefit of a dominant tenement held as a life estate terminates as a matter of law upon the extinguishment of that life estate. As a general rule, an easement appurtenant attaches to, passes with, and is an incident of ownership of the particular land to which it is appurtenant. *See* 7 Thompson, *supra,* § 60.07(b)(1), at 470. In other words, such an easement "runs with land," which

4

means that the benefit or burden passes automatically to successors. *See* Rest.3d § 1.5 cmt. a, at 31. Yet, a number of courts have held that an easement burdening or benefitting *an estate less than a fee simple* ends when that estate expires. *See* Jon W. Bruce & James W. Ely, Jr., The Law of Easements and Licenses in Land, § 10:15, at 10–28 (2001), and cases cited therein. As such, it may be more precise to say that an easement runs with the *estate* in land to which it is appurtenant, or that it follows ownership of the estate *for as long as that estate exists.*

The foundation for this principle is easily understood where the *servient* tenement is held in less than fee simple: a person can convey no more or greater title than he holds. *See* Rest.3d § 4.3 cmt. e, at 526 ("The duration of a servitude is normally limited to the duration of the estate of the creator of the servitude because the creator cannot *burden* a greater estate than he or she has.") (emphasis added). In other words, a life tenant or a lessee generally cannot impose upon his land a burden that passes to the remainderman or the reversioner.

Where the *dominant* tenement is held in less than fee simple, however, the basis for the foregoing rule—which prevents the *benefit* of an easement from running to the remainderman or reversioner—is less obvious. A number of courts have ruled that an easement granted to a life tenant or lessee terminates as a matter of course with the life estate or lease. Yet, there is nothing inherent in a future estate that would preclude its benefitting from a servitude. To the contrary, a servitude may be created to burden or benefit *any* estate in land, including present possessory estates and future estates. *See* Rest.3d § 2.5 & cmt. a, at 99.

122 P.3d at 1229–30 (emphasis in original). The *Leichtfuss* court did not make an exception to the well settled principle that a tenant cannot grant an interest in land that extends beyond his leasehold estate. To the contrary, the court acknowledged the law and the sound reasoning behind it. We decline to make any exception to this well settled principle and affirm the judgment of the district court.

Given our ruling it is not necessary to address whether the district court erred when it held that Vancroft could not grant an easement across its own property.

**B.      We will not address issues raised for the first time on appeal.**

During oral argument Boise Hollow urged this Court to consider *Saddlehorn Ranch Landowner's, Inc. v. Dyer*, 146 Idaho 747, 752, 203 P.3d 677, 682 (2009), since the plat that was recorded in 1992 included a dedication of the easement. This is an entirely new issue that is being raised for the first time on appeal. "This Court has repeatedly held: 'To properly raise an issue on appeal there must either be an adverse ruling by the court below or the issue must have been raised in the court below, an issue cannot be raised for the first time on appeal.'" *Skinner v. U.S. Bank Home Mortg.*, 159 Idaho 642, 650, 365 P.3d 398, 406 (2015) (quoting *Bank of*

5

*Commerce v. Jefferson Enters., LLC*, 154 Idaho 824, 828, 303 P.3d 183, 187 (2013)). As such, we will not consider it.

Similarly, Boise Hollow argues in its opening memorandum that Boise City should be estopped from denying the existence of an easement. This issue is also being raised for the first time on appeal and will not be considered.

**V.**
**CONCLUSION**

We affirm the judgment of the district court. Costs to Respondent.

Chief Justice BURDICK, and Justice HORTON, and Justices Pro Tems WALTERS and KIDWELL CONCUR.