# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45018

ESTATE OF ALDINA EKIC, decedent, and )
IBRAHIM EKIC and HALIDA EKIC, )
parents and sole beneficiaries of decedent, )     Boise, February 2018 Term
                                             )
      Plaintiffs-Appellants, )     Filed: June 27, 2018
                                             )
v. )     Karel A. Lehrman, Clerk
                                             )
GEICO INDEMNITY COMPANY, a )
Maryland corporation, )
                                           )
      Defendant-Respondent. )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. Hon. Melissa Moody, District Judge.

The judgment of the district court is <u>affirmed.</u>

Kreis Law Offices, Boise, for Appellants. Kenneth O. Kreis argued.

Perkins, Mitchell, Pope & McAllister, LLP, Boise, for Respondent. Richard L. Stubbs argued.

_____

BURDICK, Chief Justice.

Ibrahim and Halida Ekic (the Ekics) and the estate of Aldina Ekic appeal from the decisions of the Ada County district court to grant summary judgment to Geico Indemnity Company (Geico) on their claims of breach of contract, misrepresentations in the inducement, breach of the duty of good faith and fair dealing, and promissory estoppel and to award attorney fees to Geico. Geico requests attorney fees on appeal under Idaho Code section 41-1839.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Aldina Ekic purchased insurance from Geico in June 2013, with additional underinsured motorist coverage in the amount of $25,000. The Automobile Policy Amendment to the policy defines an "underinsured motor vehicle" as: "a motor vehicle insured under a motor vehicle

liability policy but insured for an amount that is less than the underinsured motorist limits carried on the motor vehicle of the injured person."

Aldina was killed in an automobile accident caused by the negligence of a third party. The Ekics recovered the total policy proceeds of $25,000 from the third party's insurance carrier. The Ekics demanded payment from Geico for the payment of $25,000 under Aldina's underinsured motorist policy. Geico refused to issue a payment under the language of the policy.

The Ekics filed suit, alleging three causes of action against Geico: breach of contract, misrepresentation in the inducement, and breach of the covenant of good faith and fair dealing. Sometime after Geico filed an answer, Geico filed a motion for summary judgment with a supporting affidavit from Geico's counsel that included a copy of the Ekics' answers to several interrogatories, a copy of Aldina's Geico policy, and the vehicle collision report for the accident involving Aldina and the third party. The district court granted summary judgment for Geico on each of these claims on May 16, 2016.

The Ekics then amended their complaint, with the permission of the district court, to add the additional claim of promissory estoppel and Geico filed an amended answer. Counsel for Geico advised the district court during a scheduling conference that Geico would be filing a motion for summary judgment on the additional claim and filed this motion on December 14, 2016.

Shortly before the hearing on Geico's second summary judgment motion, the Ekics filed a motion to continue the hearing. The district court denied this motion—finding that the Ekics had not shown good cause for a continuance. At the hearing, the district court granted Geico's motion for summary judgment because the court found that "even viewing all the facts in light most favorable to the Plaintiff, there was no admissible evidence to support" their claim. The Ekics filed a motion to set aside the judgment which was denied by the district court. Geico requested attorney fees and the district court awarded them pursuant to Idaho Code section 41-1839(4). The Ekics timely appealed.

## II. STANDARD OF REVIEW

When reviewing a district court's grant of summary judgment, this Court applies the same standard of review as the district court in ruling upon the motion. *Bedard & Musser v. City of Boise City*, 162 Idaho 688, 689, 403 P.3d 632, 633 (2017). "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "The court will consider 'pleadings, depositions, and admissions on file, together with the affidavits, if any.' " *Bedard*, 162 Idaho at 689, 403 P.3d at 633 (quoting *Kiebert v. Goss*, 144 Idaho 225, 227, 159 P.3d 862, 864 (2007)).

A trial court's decision to grant or deny a continuance will not be overturned unless the decision was an abuse of discretion. *State v. Daly*, 161 Idaho 925, 927, 393 P.3d 585, 587 (2017). When determining whether a decision represents an abuse of discretion, this Court examines: "(1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason." *Id.* (quoting *Schwan's Sales Enters., Inc. v. Idaho Transp. Dept.*, 142 Idaho 826, 831, 136 P.3d 297, 302 (2006)). A challenge to an award of attorney fees is also reviewed for an abuse of discretion. *Smith v. Mitton*, 140 Idaho 893, 897, 104 P.3d 367, 371 (2004).

## II.    ANALYSIS

Before addressing the merits of this case, we state that an appeal is a formalized analysis of alleged legal error. An appeal is not merely a second attempt to argue the relevant facts. As we have made repeatedly clear, it is improper when a party merely asks this Court to "second-guess the trial court" in weighing evidence. *Beckstead v. Price*, 146 Idaho 57, 69, 190 P.3d 876, 888 (2008). Instead, an appeal should be a focused argument about specific legal errors that occurred at the court below supported by citations to the trial transcript, discussion, and legal authority applicable to the case.

The lens through which this Court views each particular appeal is found in the applicable standard of review. As the Idaho Pro Se Appellate Handbook explains:

> A standard of review is a guideline used by an appellate court to examine the trial court's decision. The standard of review also determines how much deference the appellate court will pay to the decision of the trial court, **which may have a large impact on the chance that the appeal will be successful**.

*Id.* at 15 (emphasis added). The individual standards of review provide different levels of deference to the decision of the trial court. Recognizing when a particular case may pose an uphill battle because of the applicable standard of review is an inherent characteristic of an appellate attorney.

3

For this Court to properly perform its function, we require a clear record of any alleged error before the trial court. Appellants have a particular duty to provide this record: "The party appealing a decision of the [trial] court bears the burden of ensuring that this Court is provided a sufficient record for review of the [trial] court's decision." *Gibson v. Ada Cty.*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003). In fact, if the Appellant fails to comply with this duty, "this Court will presume that the absent portion supports the findings of the [trial] court." *Id.* "We will not presume error from a 'silent record or from the lack of a record.' " *Id.* (quoting *Brooks v. Brooks*, 119 Idaho 275, 280, 805 P.2d 481, 486 (Ct. App. 1990)).

Along with a competent record, an appeal must be grounded in relevant argument and authority to be considered by this Court. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). "A general attack on the findings and conclusions of the [trial] court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue." *Id.* Because of the limited record presented to the Court in this appeal, this case has no precedential value on the issues of the validity of anti-stacking provisions of liability insurance policies or allegations of illusory liability coverage.

**A. The district court did not err in granting summary judgment for Geico.**

The Ekics argue that the district court improperly granted summary judgment for Geico by (1) relying on a faulty affidavit and (2) arbitrarily shortening the discovery process by denying their motion to continue. Geico argues that the Ekics have waived any argument about the nature of the affidavit by failing to object to the affidavit before the district court or that the affidavit was properly relied upon by the district court and that the district court did not abuse its discretion by denying the Ekics motion to continue the summary judgment hearing. The district court found that the Ekics had waived any argument based on the affidavit by failing to object to its admission and then that "even viewing all the facts in the light most favorable to the Plaintiff, there was no admissible evidence to support" the Ekics' claims.[1] The district court also found that the Ekics had not shown good cause for a continuance. On the record before us, the Ekics

---

[1] The district court used this language in ruling upon the promissory estoppel claim for Geico's second motion for summary judgment on February 3, 2017. The district court had originally granted summary judgment for Geico on the original claims from the bench on May 16, 2017. We will analyze these motions collectively as the district court appears to have considered them of the same caliber.

4

have not shown that the district court erred in granting summary judgment for Geico or denying their motion to continue the hearing.

On the first issue, we must determine whether the Ekics waived consideration of the admissibility of the affidavit by failing to object before the district court. We recognized in *Esser Elec. v. Lost River Ballistics Tech., Inc.*, 145 Idaho 912, 188 P.3d 854 (2008), that a "trial court has the discretion to decide whether an affidavit offered in support of or opposition to a motion for summary judgment is admissible under Rule 56(e)[2], even if that issue is not raised by one of the parties." *Id.* at 917, 188 P.3d at 859. However, if a party fails to object to an affidavit—even an affidavit that violates the Rules of Civil Procedure—the district court may consider it when ruling upon a summary judgment motion. *Id.* In other words, while the trial court can sua sponte raise the admissibility of affidavits under Rule 56, the parties still have a duty to object to affidavits that are improper under Rule 56 to preserve that particular issue for appeal. *See id.*

On appeal, the Ekics did not attempt to argue that they objected to the admissibility of the affidavit below. Instead they argue that the affidavit was deficient on its face. However, the Ekics have not provided the Court with a transcript of the hearings before the district court in the appellate record. "Where an incomplete record is presented to an appellate court, missing portions of the record are presumed to support the action of the trial court." *Peasley Transfer & Storage Co. v. Smith*, 132 Idaho 732, 744, 979 P.2d 605, 617 (1999). As such, we find that the Ekics have waived any consideration of the admissibility of the affidavit and that the district court did not err in considering it.

To prevail on the second issue, the Ekics must show that the district court abused its discretion by denying their motion to continue the hearing on Geico's second motion for summary judgment. Importantly, however, the Ekics fail to cite to the applicable standard of review. This Court recently noted in *State v. Kralovec*, 161 Idaho 569, 388 P.3d 583 (2017):

> when a party "does not contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it[,] or that the district court did not reach its decision by an

---

[2] While the Ekics appeal raises the current Idaho Rule of Civil Procedure 56(c) as the grounds for the inadmissibility of Geico's affidavit, the rule analyzed in *Esser* is analogous. As the Court stated, at that time Rule 56(e) required: "Supporting and opposing affidavits shall be made on personal knowledge . . . ." This same requirement is now found in Rule 56(c)(4).

5

exercise of reason," such a conclusory argument is "fatally deficient" to the party's case.

*Id.* at 575 n.2, 388 P.3d at 589 n.2 (quoting *Cummings v. Stephens*, 160 Idaho 849, 855, 380 P.3d 168, 174 (2016)). Along with failing to cite to the applicable standard of review, the Ekics fail to offer more than conclusory arguments as to how the district court's decision was an abuse of discretion. The Ekics' argument on this point shows their lack of understanding of the applicable standard: "Plaintiffs [sic] motion to defer was thus clearly contemplated by the Idaho Rules of Civil Procedure and fully appropriate in this matter." However, as this Court has said of the abuse of discretion standard in a different context, the question is not "whether we would have reached a different conclusion . . . ." *Uhl v. Ballard Med. Prod., Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003). Simply showing that the district court *could* have decided differently in no way evinces an abuse of discretion standard for a proper appeal.

Further, while a motion to continue is indeed contemplated by the Idaho Rules of Civil Procedure, the timeline applied by the district court also conforms to the rules. Idaho Rule of Civil Procedure 56(b)(2) provides that "[t]he motion, supporting documents and brief must be served at least 28 days before the date of the hearing." Even though the Ekics contend, repeatedly, that the timeline was arbitrarily shortened, they received the defendant's motion and supporting documents fifty days before the scheduled hearing, nearly twice the amount of time required by the rules. The Ekics' claims of injustice when they were provided more than the time required by the applicable rules fall short.

As the Ekics raised only these two grounds on appeal for overturning the district court's decision, both of which are flawed, the Court finds that the district court did not err in granting summary judgment for Geico.

**B. The district court did not abuse its discretion by awarding Geico attorney fees.**

The district court awarded attorney fees to Geico on the basis that the "case was brought without foundation. The anti-stacking provision in Aldina's automobile insurance policy, together with the Idaho Supreme Court precedent that is directly on point, clearly precluded this action." The Ekics argue that the district court's findings were "completely inaccurate and without any merit." Geico argues that the district court's findings are correct. This Court reviews a trial court's award of attorney fees for an abuse of discretion. *Smith v. Mitton*, 140 Idaho 893, 897, 104 P.3d 367, 371 (2004).

6

The Ekics have failed to raise the applicable standard of review or make a cogent argument showing that the district court abused its discretion. As the Court discussed in *Kralovec*, "such a conclusory argument is 'fatally deficient' to the party's case." 161 Idaho at 575 n.2, 388 P.3d at 589 n.2 (quoting *Cummings*, 160 Idaho at 855, 380 P.3d at 174). As such, we affirm the district court's award of attorney fees.

C. **Neither party is entitled to an award of attorney fees.**

We decline to award either party attorney fees on appeal.

### IV. CONCLUSION

We affirm the decisions of the district court. We award costs on appeal to Geico.

Justices BRODY, BEVAN, and Justices Pro Tem GUTIERREZ AND PETTY **CONCUR.**