## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 44909

| | | |
|---|---|---|
| WILLIAM M. WITTKOPF, | ) | |
| | ) | |
|    Claimant/Appellant, | ) | |
| v. | ) | Boise, February 2018 Term |
| | ) | |
| BON APPETIT MANAGEMENT CO., | ) | Filed: July 24, 2018 |
| | ) | |
|    Employer/Respondent, | ) | Karel A. Lehrman, Clerk |
| | ) | |
| IDAHO DEPARTMENT OF LABOR, | ) | |
| | ) | |
|    Respondent. | ) | |

Appeal from the Industrial Commission, State of Idaho.

The order of the Industrial Commission is <u>vacated</u>. This case is <u>remanded </u> for further proceedings consistent with this Opinion.

William M. Wittkopf, *pro se,* Caldwell, for Claimant/Appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent.

BEVAN, Justice.

## I.  NATURE OF THE CASE

This is an appeal arising from an order of the Industrial Commission affirming the decision of an Appeals Examiner. The Appeals Examiner found it did not have jurisdiction to hear William Wittkopf's ("Wittkopf") protest of an eligibility determination for unemployment benefits because it was untimely. We vacate the order of the Industrial Commission and remand this case for further proceedings.

## II.  FACTS AND PROCEDURE

On July 11, 2013, the Idaho Department of Labor ("IDOL") mailed an eligibility determination for unemployment benefits (the "2013 determination") to Wittkopf. This determination found Wittkopf underreported his wages for several weeks, which resulted in an

1

overpayment in unemployment benefits. As a result, Wittkopf was: (1) ordered to repay the overpayment; (2) ineligible for any unemployment benefits for a fifty-two week period; and (3) assessed a civil penalty. Additionally, Wittkopf was told that he would remain ineligible for unemployment benefits until all amounts were repaid. Pursuant to Idaho Code section 72–1368(3) the last day for Wittkopf to file a protest to the 2013 determination was July 25, 2013. Wittkopf failed to file a protest.

IDOL attempted to collect on the 2013 determination over the next year without success. Subsequently in early 2016, Wittkopf filed for Chapter 7 bankruptcy. The debt he owed to the state of Idaho was included in his bankruptcy and was discharged by order of the Bankruptcy Court.

In September 2016, Wittkopf began filing new claims for unemployment benefits with IDOL because he worked a seasonal job and was not receiving any income in the winter months. After not receiving benefits for several weeks, Wittkopf called IDOL on September 26, 2016. IDOL informed Wittkopf that he was ineligible for unemployment benefits because he had failed to pay back his overpayment, civil penalty, and interest he owed IDOL, even though those amounts were discharged in bankruptcy. IDOL explained that it had stopped seeking to collect this amount because of Wittkopf's bankruptcy discharge; however, IDOL kept track of this amount and refused to pay Wittkopf any unemployment benefits until it was paid. On September 27, 2016, Wittkopf mailed a letter to IDOL protesting the denial of his unemployment benefits. Wittkopf claimed in this letter that he was eligible for unemployment benefits because his bankruptcy discharged any amount he owed to IDOL.

On October 18, 2016, a telephonic hearing was held before an Appeals Examiner. The Appeals Examiner construed Wittkopf's September 27th letter as a protest of the 2013 determination. Two days later the Appeals Examiner issued a written decision finding there was no jurisdiction to hear Wittkopf's protest because it was not filed within fourteen days of when it was issued on July 25, 2013, as required by Idaho Code section 72-1368. On November 3, 2016, Wittkopf appealed the Appeals Examiner's decision to the Industrial Commission. On January 27, 2017, the Industrial Commission affirmed the Appeals Examiner's decision. On March 8, 2017, Wittkopf wrote a letter to the Industrial Commission stating he wanted to appeal its order to this Court. The Industrial Commission filed a formal appeal on Wittkopf's behalf, in compliance with Idaho Appellate Rule 17.

2

## III. STANDARD OF REVIEW

When this Court reviews a decision from the Industrial Commission, we exercise free review over questions of law. *Uhl v. Ballard Med. Prod., Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003).

## IV. ANALYSIS

**A. The Industrial Commission erred when it affirmed the Appeals Examiner's decision to dismiss Wittkopf's protest as untimely.**

To understand our decision today it is important to recognize that there were two benefit determinations made by IDOL: (1) the 2013 determination, and (2) the September 2016 determination that Wittkopf was ineligible for *current* benefits because the 2013 debt remains unpaid. The Appeals Examiner's decision improperly assumed that Wittkopf was protesting the 2013 determination and failed to address the substance of his claim. We conclude that Wittkopf's September 27th letter did not challenge the 2013 determination; rather, he argued that his 2016 bankruptcy discharged the 2013 debt and that he was wrongly denied *current* benefits.

Following the filing of a claim, there is a two-step statutory review process IDOL must follow. First, IDOL must verify the claimant's monetary eligibility pursuant to Idaho Code section 72-1367 and issue a determination. I.C. § 72-1368(3)(a)(i). Second, IDOL must verify whether the week claimed is a "compensable week" as defined by Idaho Code section 72-1312. I.C. § 72-1368(3)(a)(ii). "In the event the week claimed is not a compensable week, the department *shall issue a determination* denying benefits and shall include the reasons for the ineligibility." *Id.* (Emphasis added). "Determinations" must be made in writing and include notice of appeal rights. I.C. § 72-1318B.

IDOL did not follow the statutory review process. One of Wittkopf's complaints in his September 27th protest letter is that IDOL did not respond to his claim for benefits. IDOL had an obligation to send Wittkopf a written denial of his claim for *current* benefits with an explanation and a notice of appeal rights when it determined that he did not have a "compensable week" because of the 2013 debt. That was never done. Instead, IDOL, the Appeals Examiner and the Industrial Commission treated Wittkopf's September 27th protest letter as an appeal of the 2013 determination when, in fact, it was an appeal of the denial of his claim for current benefits.

When a protest to a determination is timely filed, a hearing will be held before an Appeals Examiner. I.C. § 72-1368(4). "[T]he [A]ppeals [E]xaminer shall affirm, modify, set

aside or reverse the determination . . . after affording the interested parties reasonable opportunity for a *fair hearing*, or may refer a matter back to the department for further action." I.C. § 72-1368(6) (emphasis added). An interested party can appeal a decision of the Appeals Examiner to the Industrial Commission within fourteen days after being served with notice. *Id.* "On the basis of the record of proceedings before the [A]ppeals [E]xaminer . . . the [C]omission shall affirm, reverse, modify, set aside or revise the decision of the [A]ppeals [E]xaminer or may refer the matter back to the [A]ppeals [E]xaminer for further proceedings." I.C. § 72-1368(7). Thereafter, "[a]n appeal may be made to the Supreme Court from decisions and orders of the [C]omission within the times and in the manner prescribed by the rules of the Supreme Court." I.C. § 72-1368(9).

We hold that the Industrial Commission erred by affirming the decision of the Appeals Examiner because Wittkopf was not appealing the 2013 determination, but rather he was appealing the determination made on September 26, 2016 as to his **new** claim for benefits. Specifically, he argued that his 2016 bankruptcy discharged the 2013 debt and that he was wrongly denied **current** benefits. The 2013 determination became final on July 25, 2013. Thereafter, Wittkopf was prohibited from protesting that determination. Over three years later, in September 2016, Wittkopf sought new unemployment benefits from IDOL. On September 26, 2016, when Wittkopf called IDOL, he was determined to be ineligible for unemployment benefits over the phone. On September 27, 2016, he sent a letter to IDOL to protest this determination. Therefore, Wittkopf's protest was timely made within fourteen days after IDOL made its determination. After filing the protest to this determination, the Appeals Examiner erroneously determined Wittkopf was protesting the 2013 determination—not the September 26, 2016 determination. Therefore, the Appeals Examiner did not reach the merits of Wittkopf's protest—whether he was eligible for unemployment benefits because his bankruptcy discharged the amount he owed IDOL. Instead, the Appeals Examiner incorrectly found it did not have jurisdiction to hear his protest.

"Procedural due process requires that there must be some process to ensure that the individual is not arbitrarily deprived of his rights in violation of the state or federal constitutions." *Aberdeen–Springfield Canal Co. v. Peiper,* 133 Idaho 82, 91, 982 P.2d 917, 926 (1999) (quotation marks omitted). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*,

4

424 U.S. 319, 333 (1976) (quotation marks omitted). Wittkopf was entitled to have a *fair hearing* before the Appeals Examiner to assess the merits of his protest. I.C. § 72-1368(6). Instead, the Appeals Examiner failed to reach the merits of his protest because it erroneously determined it lacked jurisdiction. Accordingly, the Industrial Commission erred when it affirmed the decision of the Appeals Examiner.

On remand, Wittkopf will be entitled to a fair hearing before the Appeals Examiner to assess the merits of his protest of the September 26, 2016 determination. This does not necessarily mean Wittkopf will be entitled to unemployment benefits. As explained above, the real issue to be decided in this case is whether Wittkopf has claimed a "compensable week." Specifically, section 72-1366(12) states in relevant part: "The claimant shall also be ineligible for waiting week credit or benefits for any week in which he owes the department an overpayment, civil penalty, or interest resulting from a determination that he willfully made a false statement or willfully failed to report a material fact." I.C. § 72-1366(12). Said plainly, does Wittkopf owe the Department an overpayment or civil penalty or interest? To answer this question, the Industrial Commission must decide what effect the bankruptcy discharge had on the 2013 debt. Answering this question is squarely within the confines of the issue presented on appeal and within the scope of the Industrial Commission's appellate authority. While Wittkopf certainly could have litigated this issue in bankruptcy court, he is not required to do so, and we agree with him that the issue must be addressed before the Industrial Commission.

We are mindful of the fact that we are now coming up on the two-year anniversary of the denial of Wittkopf's claim for benefits. While there is a temptation to answer the question presented since it appears to be a question of law, we are mindful that there could be a need for additional evidence and the Industrial Commission should be given the opportunity to rule on the issue since, as we recently explained, appeals involve a "formalized analysis of alleged legal error." *Ekic v. Geico Indem. Co.*, --- Idaho --- , --- P.3d --- (2018). We typically do not pronounce error where an issue has not yet been addressed by a reviewing court. There is, however, a starting point for the Industrial Commission's inquiry. It must begin with section 524 of the Bankruptcy Code which explains the effect of a discharge. It states:

> (a) A discharge in a case under this title--
> (1) voids any judgment at any time obtained, to the extent that such judgment is a
> determination of the personal liability of the debtor with respect to any debt

discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 USC § 524 (a)(1)-(2). Did the bankruptcy discharge void IDOL's 2013 determination? Does the discharge operate as an injunction against any effort to collect, recover, or offset the 2013 debt? If yes, why isn't the Department's denial of *current* benefits on the basis of the 2013 debt a violation of the injunction? These are questions the Industrial Commission must answer on remand.

## V. CONCLUSION

We vacate the order of the Industrial Commission and remand this case to the Industrial Commission for further proceedings consistent with this Opinion.

Chief Justice BURDICK and Justice BRODY CONCUR..