# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket. No. 48810

|  |  |  |
|---|---|---|
| **DEBORAH DORR,** | ) | |
| | ) | |
| Claimant-Appellant, | ) | Coeur d'Alene, Sept. 2022 Term |
| | ) | |
| v. | ) | Opinion Filed: November 25, 2022 |
| | ) | |
| **IDAHO DEPARTMENT OF LABOR,** | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Appeal from the Idaho Industrial Commission.

The Commission's decision to uphold the Appeal Examiner's denial of Dorr's request to reopen her appeal hearing is <u>affirmed.</u>

Deborah Dorr, Coeur d'Alene, Appellant Pro Se. Deborah Dorr argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. Douglas Werth argued.

_____

BRODY, Justice.

This appeal arises out of the denial of Deborah Dorr's request to reopen an unemployment appeal hearing. The hearing was to address Dorr's appeal from the Idaho Department of Labor's ("IDOL") decision denying Dorr's request to backdate her Pandemic Unemployment Assistance claim. After Dorr failed to appear at the hearing, IDOL dismissed her appeal and subsequently denied her request to reopen the hearing. Dorr appealed IDOL's denial of her request to reopen, and the Idaho Industrial Commission ("the Commission") affirmed. The Commission determined due process was satisfied and agreed with IDOL that Dorr's own negligence was insufficient cause to reopen the hearing. Dorr appeals, pro se, from the Commission's decision upholding IDOL's denial of her request to reopen. Today, we conclude that Dorr's briefing does not meet the standard for an appeal under Idaho Appellate Rule

1

35(a)(6) and as such, her arguments are forfeited. The Commission's decision upholding the Appeal Examiner's denial of Dorr's request to reopen her appeal hearing is affirmed.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On August 2, 2020, Dorr filed a claim for unemployment insurance benefits seeking state benefits and federal Pandemic Unemployment Assistance ("PUA") benefits. Roughly one month later, IDOL determined that Dorr had been self-employed, and was thus ineligible for state benefits. However, because Dorr reported she became unemployed due to the COVID-19 pandemic, IDOL determined she could still be eligible for PUA benefits.

Dorr had submitted a prior claim for PUA benefits sometime in March 2020. Dorr had apparently reported that "her babysitting job was stopped due to the pandemic, her age was a reason for self-quarantine," and later realized that certain answers on her prior claim for PUA benefits "were either misunderstanding[s] or mistakes."

IDOL approved Dorr's second claim for PUA benefits in November 2020 and set the "Benefit Year Begin Date" as August 2, 2020 (the date of Dorr's second claim). After receiving that decision, Dorr requested that IDOL backdate her second PUA claim to March 2020 (i.e., the date of her first claim) and accept her untimely weekly claim reports as timely. IDOL denied Dorr's request. In its denial letter, IDOL explained that under Idaho Code section 72-1366 and IDAPA 09.01.550, claimants must report weekly or biweekly for benefits as directed, and failure to file these timely reports "will result in ineligibility for benefits for the week(s) claimed." IDOL concluded that "[Dorr's] provided reason and evidence [was] not sufficient to backdate the claim and/or accept late weekly claim reports as timely."

Dorr appealed IDOL's decision denying her backdate request. She explained that she had been unable to submit weekly claim reports between the time IDOL determined that she was ineligible for PUA benefits (the first claim), and the time IDOL determined that she was eligible for PUA benefits (the second claim).

Roughly three months later, IDOL mailed Dorr a Notice of Telephone Hearing ("Notice") for Dorr's appeal. The Notice set a hearing for February 22, 2021, and provided the time for the hearing in bolded and non-bolded font as follows: "Hearing Time: **11:00 AM Mountain Time** (10:00 AM Pacific Time)[.]" The Notice directed Dorr to call a specific phone number at the time of the hearing, and that "[f]ailure to follow the instructions on this Notice may result in the DISMISSAL of this appeal or FORFEITURE of the right to participate in the

2

hearing." The hearing was to determine "whether [Dorr's] claim should be backdated, in accordance with [Idaho Code section] 72-1308 of the Idaho Employment Security Law AND/OR whether [Dorr] failed to report as directed, according to [Idaho Code section] 72-1366(2) of the Idaho Employment Security Law[.]"

Attached to the Notice was a document titled "Important Information About Your Hearing[.]" The attachment explained, among other things, that the Notice "provides the time for the Appeals Bureau office located in Boise, Idaho, in the Mountain Time Zone" and that "[p]arties must make the necessary adjustments for their own time zone." During these underlying events, Dorr lived in Coeur D'Alene, Idaho, in the Pacific Time Zone.

Dorr did not appear at the scheduled telephonic hearing. The hearing officer waited for 13 minutes, concluded the hearing, and dismissed Dorr's appeal. According to IDOL records, Dorr did not call in until "11:43 AM Mountain Time (10:43 AM Pacific Time)"—roughly forty-three minutes after the hearing was set to begin. One day later, on February 23, 2021, the appeals examiner for IDOL ("Appeals Examiner"), mailed Dorr a letter dismissing her appeal because of her failure to appear and participate. The letter informed Dorr that the decision to dismiss would become final within ten days unless Dorr submitted a request to reopen the hearing. The dismissal letter included a form asking Dorr to provide the "reason why [she] did not appear[.]"

In fact, roughly two hours after missing the hearing, Dorr emailed IDOL a request to reopen explaining her "error" related to the time zone differences:

> I was calling at the time issued for my hearing but was told it was closed. I then called other [sic] number given and was told to email you do [sic] to the fact my time zone was incorrect for my hearing. Please excuse my error and reschedule me for another hearing. Thank you in advance for your consideration in this matter.

Two days after the hearing, the Appeals Examiner denied Dorr's request to reopen. The Appeals Examiner explained that under Idaho Code section 72-1368(6), she had the discretion to accept or reject a request to reopen after a party fails to participate in a scheduled hearing. The Appeals Examiner reasoned that Dorr had been provided the opportunity for a fair and impartial hearing, but "failed to take advantage of it." The Appeals Examiner found no errors in the Notice and concluded that Dorr's absence from the hearing due to Dorr's failure to adjust to Mountain Time was not "good cause" to reopen the hearing.

3

Dorr timely appealed the denial of her request to reopen to the Industrial Commission. In her appeal, Dorr explained that she "made an honest error regarding the time." Dorr explained she was able to see the bolded font (showing Mountain Time) but did not notice the "faint" non-bolded font (showing Pacific Time) "until it was brought to [her] attention when [she] called the number given." Dorr explained that her "[e]yesight" was not "as good as it used to be so [she] made that error unintentionally." She informed the Commission that she "realiz[ed] [her] error and would appreciate it if [the Commission] would reconsider the decision."

The Commission affirmed the Appeal Examiner's denial of Dorr's request to reopen. Pursuant to Idaho Code section 72-1368(7), the Commission reviewed the record and the Appeals Examiner's denial *de novo*. Overall, the Commission agreed with the Appeals Examiner's exercise of discretion. The Commission found that the Notice was timely, correct, and not misleading. The Commission also found that Dorr "did not call in because she did not make an allowance for the difference in time zones." From this, the Commission reasoned that Dorr did not "carefully read the information" in the Notice and that Dorr's "negligence" was insufficient cause to justify her failure to appear. Accordingly, Dorr had been provided with due process and the Appeals Examiner's denial of Dorr's request to reopen was upheld. From this, the Commission concluded that the November 19, 2020, determination denying Dorr's request to backdate her PUA claim was final.

That same day, Dorr requested the Commission reconsider its decision. The Commission denied Dorr's request for reconsideration. The Commission reasoned that Dorr "offer[ed] no new argument or explanation in her request for reconsideration." Instead, her request was merely asking the Commission to "think it over again." Applying its procedural rules, the Commission determined there was no cause to reexamine its original decision, and the Commission denied Dorr's request.

Dorr timely appealed to this Court. After receiving an extension of time to file her brief and being provided with a computer link to the Idaho Appellate Rules, Dorr submitted her opening brief. The Clerk of the Court notified the Court that the brief did not comply with the requirements of Idaho Appellate Rule 35 because, among other things, it lacked a table of contents, table of authorities, citations to the record, and an argument section with citations to legal authority. The Court entered an order rejecting the brief and gave Dorr twenty-eight days to file an opening brief in conformance with Rule 35.

4

Dorr submitted a second opening brief the same day the first version was rejected. The revised brief included a table of contents, but otherwise appeared to be the same as the first version. The Court again rejected the brief after determining it did not comply with Rule 35. The Court ordered Dorr would have until October 25, 2021, to file a brief "with an argument section that conforms with Idaho Appellate Rule 35." On October 18, 2021, Dorr submitted a third opening brief with a section labeled "Argument" and a list of cases by docket number. The Court reviewed Dorr's brief and directed the Clerk of the Court to accept the brief for filing.

## II.    ANALYSIS

IDOL contends that Dorr has forfeited any assignment of error she might have had in this appeal because her briefing fails to comply with Idaho Appellate Rule 35(a)(6). On appeal, the appellant bears the burden of proving error. *Allen v. Campbell*, 169 Idaho 125, __, 492 P.3d 1084, 1088–89 (2021). Because of this, the appellant's failure to comply with Rule 35(a)(6) results in a forfeiture of the alleged error. *Id.*; *see also Idaho Power Co. v. Cogeneration, Inc.*, 134 Idaho 738, 745, 9 P.3d 1204, 1211 (2000) ("Absent compliance with the [Idaho Appellate Rules], this Court will not search the record for error. Error is never presumed on appeal and the burden of showing it is on the party asserting it."). We agree with IDOL and do not reach the merits of any assignment of error Dorr may have had on appeal.

At its core, "an appeal is a formalized analysis of alleged legal error." *Est. of Ekic v. Geico Indem. Co.*, 163 Idaho 895, 897, 422 P.3d 1101, 1103 (2018). When briefing is unclear or lacking in legal contentions, we do not presume error; instead, we rely solely on the parties to ground their appeals in relevant argument and authority. *Id.* at 898, 422 P.3d at 1104. Appeals must assert specific legal or factual errors and then explain why they resulted in an erroneous decision. To that end, Idaho Appellate Rule 35(a)(6) instructs that the appellant's brief "shall contain" an argument section. Within it, "[t]he argument section shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6).

To be clear, pro se litigants must comply with Rule 35(a)(6) like any other litigant: "[I]t is well-established that courts will apply the same standards and rules whether or not a party is represented by an attorney and that pro se litigants must follow the same rules, including the rules of procedure." *Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 322, 297 P.3d 1134,

1139 (2013) (alteration added); *Suitts v. Nix,* 141 Idaho 706, 709, 117 P.3d 120, 123 (2005); *Twin Falls Cnty. v. Coates,* 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003).

The relief that Dorr is requesting is clear: Dorr is asking the Court to reverse the Commission's denial to reopen the hearing. However, that Dorr has clearly presented her objective on appeal is not enough to cure the defects of her briefing under Rule 35(a)(6). *See State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018) (explaining that the pro se appellant's "ultimate goal" on appeal was clear, but without any cogent argument or authority, the Court could not reach the merits of his appeal).

The argument section of Dorr's briefing consists of five sentences which basically state that she did some research and was unable to find an analogous case to support her position. She does not acknowledge the abuse of discretion standard that applies to the decision to reopen the hearing nor does she explain how the Industrial Commission (or the Appeals Examiner) abused its discretion in denying her request to reopen.

Instead of engaging with the legal standard that applies to this appeal, Dorr relies, in the statement of facts section, on her own unsworn testimony that her poor eyesight prevented her from seeing non-bolded font in the Notice (i.e., the hearing time as stated in Pacific Time), and that she did not have glasses at the time of the hearing. Dorr maintains that these unsworn facts present an "extenuating" circumstance to excuse her absence from the hearing. In support, Dorr attached an unsworn "Doctor's Referral Form" to her brief showing that she was referred for glasses on September 21, 2020. The notice that she needed glasses came roughly five months before IDOL mailed Dorr the Notice she complains of being unable to read. Nevertheless, whether Dorr had glasses or not when she received the Notice is not part of the record below and thus, cannot be considered in this appeal. *See Sparks v. Laura Drake Ins. & Fin. Servs., Inc.*, 164 Idaho 138, 141, 426 P.3d 489, 492 (2018) (alterations added) ("It is axiomatic that an appellate court will not consider new evidence that was never before the [lower tribunal]. [This Court] is limited to review of the record made below.") (quoting *State v. Mitchell*, 124 Idaho 374, 376 n.1, 859 P.2d 972, 974 n.1 (Ct. App. 1993)).

In sum, Dorr's brief does not satisfy the standard for the arguments that must be made on appeal. The fact that the Court directed the Clerk of the Court to accept her third brief for *filing* because it finally had a section labeled "argument" does not mean that the Court has given the *substance* of the document its imprimatur under Rule 35(a)(6). Because Dorr has forfeited any

assignment of error by failing to make a cogent argument with citations to supporting legal authority, we need not consider whether there was an abuse of discretion.

### III.    CONCLUSION

We affirm the Commission's decision upholding the Appeal Examiner's denial of Dorr's request to reopen her appeal hearing.

Chief Justice BEVAN, and Justices STEGNER, MOELLER, and ZAHN CONCUR.